KRUEGER and others, Appellants, vs. CONE, Respondent.

*February 7 — April 27, 1900.*

*Justices' courts: Garnishment: Payment into court: Mechanics' liens:*
*Jurisdiction: Certiorari.*

Notwithstanding sec. 3727, Stats. 1898 (providing that no judgment
shall be rendered against a garnishee by a justice of the peace, or
any money or property required to be delivered by him to the jus-
tice, by reason of any money owing by him to the defendant, un-
less it shall have become due absolutely and without depending
on any future contingency, and that claims for mechanics' liens
shall prevent any indebtedness from the owner being due abso-
lutely until such liens shall have been disposed of or shall have ex-
pired), an order requiring the garnishee to pay into court the
amount of the indebtedness from him to the defendant, which was
subject to claims for mechanics' liens, is within the jurisdiction
of the justice, and, although erroneous, cannot be reviewed upon
certiorari.

APPEAL from a judgment of the circuit court for Winne-
bago county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

The respondent was served with garnishee summons at the
suit of the plaintiffs against one Frank Missenski. The re-
spondent answered that he was indebted to the defendant in
the sum of $125, subject to the following situation and claims:
That amount was due for digging a well on his premises;
and subcontractors claimed liens upon the premises to the
amount of $140.14. The principal defendant also filed an
answer in the garnishee suit, in which he asserted the right
of said four claimants to their liens. Thereupon the justice
of the peace entered an order reciting the sufficiency of the
garnishee's answer, and commanding him to pay into court
the sum of $125, or deliver said money to a certain desig-
nated person to abide the further order of the court, and
directing service of notice to interplead the several lien
claimants, in pursuance of sec. 3723b, Stats. 1898, which
order was objected to by the garnishee. The lien claimants

appeared, and demanded dismissal of the action as to them, for the reason that it involved the trial of a subcontractor's mechanic's lien, of which the justice had no jurisdiction. At this stage of the proceedings the circuit court for Winnebago county issued its writ of *certiorari*, reciting the representation of the garnishee that said order or judgment is void, and commanded the justice to certify said pretended judgment or order, with copy of docket and all files, papers, entries, etc., used in the proceedings in said matter. Upon the coming in of the return showing substantially the foregoing facts, the circuit court reversed and annulled that part of the justice's order which required the garnishee to pay into court or to said depositary $125, from which judgment plaintiffs appeal.

*J. C. Kerwin*, for the appellants.

*Wesley Mott*, for the respondent.

The following opinion was filed February 27, 1900:

DODGE, J. It is quite clear that the order requiring the garnishee to pay into court the amount of the conditional indebtedness from him to the defendant, which was subject to claims for mechanics' liens, was improper. Sec. 3727, Stats. 1898, being translated, provides that no judgment shall be rendered against a garnishee, or any money or property be required to be delivered by him to the justice, by reason of any money owing from him to the defendant, unless it shall have become due absolutely and without depending on any future contingency, and that claims for mechanics' liens shall prevent any indebtedness from the owner being due absolutely until such liens shall have been disposed of or shall have expired. That situation existed here, and while it existed it was not proper for the justice either to require the money to be paid over or to render judgment against the garnishee.

That, however, is not the question here presented. We

may only consider on *certiorari* whether the act complained of was within the jurisdiction of the court. Within the field of the jurisdiction of a court or a judicial magistrate the decision may be right or may be wrong and none the less not be open to review on *certiorari*. *Carter v. Dow*, 16 Wis. 298; *Varrell v. Church*, 36 Wis. 318; *Barnes v. Schmitz*, 44 Wis. 482; *Paulsen v. Ingersoll*, 62 Wis. 312. A justice of the peace has jurisdiction to decide, which involves jurisdiction to err,— a power, by the way, which is not infrequently exercised. In this procedure the justice of the peace had jurisdiction of the parties and of the subject matter of the garnishment proceeding. Within that garnishment proceeding, it was his duty to make one or other of various different judicial decisions, orders, and judgments, according as the facts might appear, either by the admissions of the garnishee or by the evidence tendered. It was, of course, the justice's duty to apply the law, whether statute or common law, to the situation thus presented to him, and he does not trespass beyond his jurisdiction merely because he either misconstrues admissions or testimony or errs in the application of the law thereto. The jurisdiction of the justice over the subject matter extends from the constructive seizure of the property by the service of the garnishee summons to the ultimate determination how it shall be disposed of,—whether the garnishee shall be discharged as not liable; whether he shall be held for one amount or another; whether he shall be compelled by contempt procedure to pay the money into court; or whether judgment, enforceable by execution against him, shall be entered. Throughout this procedure many opportunities exist for the justice to commit error and work injustice, but so long as he is within this field his acts are the acts of a court and can be reviewed only by appeal from the final judgment. The act in question was so within that field. It was either a misconstruction of the garnishee's answer, or a misapplication of the statute to the facts as

he understood them. Either was a judicial decision in the course of the garnishment proceedings, and if wrong was simply an error within a field over which he had judicial power. This being so, it cannot be corrected upon *certiorari*. The court should have quashed the writ, because, whether the order complained of was right or wrong, it was not reviewable upon that process. *State ex rel. Gray v. Common Council of Oconomowoc*, 104 Wis. 622.

*By the Court.*— Judgment reversed, and cause remanded with directions to quash the writ of *certiorari*.

A motion for a rehearing was denied April 27, 1900.