FULLER, Appellant, vs. TUBBS, Respondent.

*September 2 — September 23, 1902.*

*Justices' courts: Jurisdiction: Dismissal of counterclaim.*

Under secs. 3571, 3659, Stats. 1898, a justice of the peace has jurisdiction to render judgment dismissing a counterclaim for want of any evidence in support thereof, although a jury may have been impaneled.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

The plaintiff sued before a justice of the peace of Outagamie county upon a balance of an account for medical services of $33.11. The defendant admitted liability for that amount, but alleged as a defense a subscription by plaintiff for the building of the St. Paul Methodist Episcopal church, of which a balance of $32.50 remained unpaid, and had been assigned to the defendant, and that upon an accounting between plaintiff and defendant the said sums were set off against each other, leaving an agreed balance of $7.26 due from defendant to plaintiff, which, however, the plaintiff had refused to receive in full, and which defendant paid and tendered into court. The defendant also set up by way of counterclaim the same unpaid balance of subscription assigned to him, and prayed judgment thereon, to be offset against plaintiff's demand. Plaintiff denied each and every allegation of the counterclaim.

After adjournment the parties met for trial, and defendant demanded a jury, which was duly impaneled. Defendant offered the evidence of numerous witnesses, and at the close of his evidence, plaintiff, before final submission of the case to the jury, moved for judgment dismissing defendant's counterclaim, and for judgment in accordance with the prayer of the complaint, which motion was granted by the court, and judgment rendered for the plaintiff in the sum

of $33.11, together with the costs. Defendant sued out com-
mon-law writ of *certiorari* to the circuit court for Outagamie
county, whereupon the justice's judgment was reversed, from
which judgment plaintiff brings this appeal.

The cause was submitted for the appellant on the brief of
*F. J. Rooney,* attorney, and *P. H. Martin,* of counsel.

*A. M. Spencer,* for the respondent.

Dodge, J. The question presented is merely whether,
under our statutes, the justice of the peace had jurisdiction
to render judgment dismissing defendant's affirmative cause
of action and defense for want of any evidence in support
thereof. Neither the regularity of his assuming to decide
upon the evidence after the jury had been impaneled nor
the correctness of his decision is before us. On *certiorari* to
such a magistrate the reviewing court does not sit to correct
errors, but to measure jurisdiction. *Krueger v. Cone,* 106
Wis. 522, 81 N. W. 984. The defendant contends that, when
a jury is impaneled in justice's court, the jurisdiction of the
justice is limited to the performance of the duty imposed by
sec. 3653, Stats. 1898, namely, to enter the verdict in his
docket, and enter judgment according thereto. This conten-
tion seems to ignore certain other sections granting power to
justices of the peace. Thus, by sec. 3571, Id., it is provided:
"Every justice of the peace in any town may hold a court
for the trial of all actions of which justices of the peace have
jurisdiction by law, and hear, try, and determine the same ac-
cording to law; and for that purpose, where no special pro-
vision is otherwise made, such court shall be vested with all
the necessary powers which are possessed by courts of rec-
ord;" and by sec. 3659: "Judgment of nonsuit shall be
rendered against a plaintiff prosecuting an action before a
justice of the peace in the following cases: . . . (4)
If he become nonsuited on the trial." We are unable to avoid
the conclusion that by these sections power and jurisdiction

is conferred upon the justice of the peace to render judgment dismissing a counterclaim, as in this case, notwithstanding the fact that a jury may have been impaneled. The further step to rendition of judgment in favor of the plaintiff, his cause of action having been categorically confessed by the answer, is without difficulty. The record discloses no loss of jurisdiction by the justice, and no act beyond the power conferred by the statute, and judgment of reversal upon the writ of *certiorari* was erroneous.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment affirming the judgment of the justice of the peace.