STATE EX REL. DEPARTMENT OF HEALTH & SOCIAL SERVICES, Petitioner, v. CIRCUIT COURT FOR SECOND JUDICIAL CIRCUIT, BRANCH NINETEEN, the Hon. John E. McCormick, Presiding, Respondent.

*No. OA–291. Submitted May 11, 1978.—Decided June 30, 1978.*
(Also reported in 267 N.W.2d 373.)

For petitioner: *Bronson C. La Follette,* attorney general, and *James H. Petersen,* assistant attorney general.

For respondent: *Michael Skwierawski* and *Purtell, Purcell, Wilmot & Burroughs, S. C.* of Milwaukee.

## PER CURIAM

On February 17, 1977, Carroll Resweber (hereafter defendant) was found guilty of two counts of possession of marijuana after a trial before the respondent, the Hon. John E. McCormick in Milwaukee county circuit court case #I–8652. Sentence was withheld and the defendant was thereafter placed on two concurrent two-year probationary terms under the supervision and in the custody of the Department of Health and Social Services.

On April 3, 1978, the defendant was again arrested and charged with possession of marijuana. The defendant thereafter appeared before the Hon. Frederick P. Kessler, Milwaukee county judge, who allowed the defendant to be released on his personal recognizance pending further proceedings on the new charge. Meanwhile, the defendant's probation agent placed a probation hold against defendant and instituted revocation proceedings on the earlier probationary terms. The defendant was then incarcerated in the county jail awaiting such revocation proceedings, and on April 6, 1978, the defendant petitioned Judge McCormick for an order setting bail pending such further revocation proceedings. On that same day, Judge McCormick issued an order allowing the defendant to post $250 cash bail and the defendant was released.

Thereafter, the defendant received notice of a preliminary administrative hearing on the revocation proceedings scheduled to be held on April 19, 1978. Such preliminary hearing was held, and on April 20th the defendant was sent a letter by the preliminary hearing examin-

er on behalf of the Department of Health and Social Services confirming the examiner's verbal decision made at the April 19th hearing to the effect that probable cause had been established that the defendant had violated the terms and conditions of his probation and that the examiner was recommending revocation of such probation. This letter also informed the defendant that he had a right to a further hearing on the question of the recommended revocation and additionally the hearing examiner stated in this letter that the defendant would ". . . not be placed in custody pending the final determination of the recommendation for revocation . . ."

Thereafter, Assistant Attorney General James Petersen, on behalf of the Department of Health and Social Services, petitioned this court for a writ of certiorari to review Judge McCormick's April 6th order admitting the defendant to bail pending probation revocation proceedings. On April 27, 1978, the Chief Justice signed an order requiring the respondent, Judge McCormick, to show cause why a writ of certiorari should not issue. Subsequently, the writ was issued and the record has been returned to this court.

The respondent contends that because of the hearing examiner's actions contained in the April 20th letter releasing the defendant pending the final determination on the recommendation for revocation, the instant challenge to the April 6th order of Judge McCormick releasing the defendant on bail is moot. The respondent points out that as of April 20, 1978, seven days before the instant petition for a writ of certiorari was filed in this court, the defendant was not in custody pursuant to a specific order of the hearing examiner who was an employee of the petitioner, Department of Health and Social Services. According to the respondent, because the defendant had been released by the Department, the petition challenging his release by the circuit court is moot.

Because of the significance of the issue raised by the instant petition and because the issue is likely to be raised again and yet evade appellate review, we decline to dismiss this petition as being moot. *See Moore v. Ogilvie,* 394 U.S. 814, 89 S. Ct. 1493, 23 L. Ed.2d 1 (1969) ; *State ex rel. Renner v. Department of Health & Social Services,* 71 Wis.2d 112, 237 N.W.2d 699 (1976) ; and *State ex rel. Clarke v. Carballo,* 83 Wis.2d 349, 265 N.W.2d 285 (1978). Accordingly, we reached the merits of the petition.

The Department contends that Judge McCormick's April 6th order admitting the defendant to bail was in excess of the circuit court's jurisdiction. Citing *Gaertner v. State,* 35 Wis.2d 159, 164, 150 N.W.2d 370, 373 (1967), and *State ex rel. Shock v. Department of Health & Social Services,* 77 Wis.2d 362, 366, 253 N.W.2d 55, 57 (1977), the Department argues the defendant was not entitled to bail pending the probation revocation proceedings. In *Gaertner,* this court held that because the defendant there was held on order of the Department as a parole violator, he was not entitled to bail pending parole revocation proceedings. Similarly, in *Shock,* this court held that probationers were not entitled to bail pending review of their revocations by certiorari. The Department, also citing *Johnson v. Cady,* 50 Wis.2d 540, 185 N.W.2d 306 (1971), contends that because of the judiciary's involvement in parole or probation revocations is limited to review by certiorari, the circuit court could not release the defendant on bail pending the probation revocation proceedings.

The respondent, on the other hand, contends that *Gaertner* and *Shock* are distinguishable from the instant situation because here the defendant has not yet been sentenced on his earlier convictions, but rather the sentence has been withheld and the defendant has been placed on probation. According to the respondent, be-

cause it is necessary for the defendant to be returned to the trial court for sentencing after revocation of probation, the trial court pursuant to its "supervisory powers over the sentencing process" has the discretionary power to set bail pending such sentencing.

The respondent's arguments are without merit. The claim that the trial court has some "supervisory powers over the sentencing process" and therefore can order the defendant released on bail pending the sentencing is premature in the instant situation because the defendant has not yet had his probation revoked. Here the revocation proceedings are simply pending. If the defendant's probation is not revoked, the trial court will not have to impose any sentence. Because the defendant has not yet appeared before the trial court for sentencing, he remains in the custody of the Department pending the revocation proceedings. Sec. 973.10(1), Stats., provides in pertinent part:

"(1) Imposition of probation shall have the effect of placing the defendant in the custody of the department and shall subject the defendant to the control of the department under conditions set by the court and rules and regulations established by the department . . ."

Until such time as the revocation proceedings are completed, and the defendant is brought before the circuit court for sentencing, pursuant to sec. 973.10(2), Stats., the circuit court has no authority to order the defendant released on bail. Furthermore, as our decision in *Shock, supra,* makes clear, even after revocation proceedings have been completed, the defendant is not entitled to bail pending a review of such revocation by certiorari.

We conclude in the instant case that Judge McCormick's order of April 6, 1978, releasing the defendant on bail pending the revocation proceedings was in excess of the circuit court's jurisdiction. Because certiorari

is the proper way to review a judicial act to determine whether it was within the court's jurisdiction, *see Krueger v. Cone,* 106 Wis. 522, 524, 81 N.W. 984 (1900), we reverse the April 6, 1978 order admitting the defendant to bail and remand the case back to the circuit court for further proceedings.