STATE of Wisconsin, Plaintiff-Respondent,

v.

Jimmy Lee BRIDGES, Defendant-Appellant.

Court of Appeals

*No. 94–0880. Submitted on briefs July 26, 1994.—Decided June 13, 1995.*

(Also reported in 536 N.W.2d 153.)

For the defendant-appellant the cause was submitted on the memorandum of *Virginia A. Pomeroy*, director, appellate division, state public defender.

For the plaintiff-respondent the cause was submitted on the memorandum of *Mary E. Burke*, assistant attorney general.

Before Wedemeyer, P.J., Sullivan and Schudson, JJ.

PER CURIAM. Jimmy Bridges, *pro se*, filed a notice of appeal seeking review of a February 22, 1994, order of the trial court extending, for one year, the confinement portion of his sentence to the intensive sanctions program. *See* § 973.032(4)(b), STATS. This court ordered the parties to submit memoranda on the issue of this court's jurisdiction over the appeal. Among other things, this court asked the parties to address whether an order extending a convicted criminal offender's period of confinement under the intensive sanctions program is reviewable under RULE 809.30, STATS., the statute for appeals in felony cases, or under some other common law or statutory authority. After reviewing the memoranda and the statutes, we conclude that an order extending the period of confinement under the intensive sanctions program is reviewable pursuant to the principles of common law writ of certiorari. Because Bridges filed a notice of appeal on April 8, 1994, from a February 22, 1994, order of the trial court, this appeal is timely under

256

§ 808.04(1), STATS. This court, therefore, has jurisdiction over this appeal.

Bridges was convicted of burglary, as party to a crime, on November 24, 1992, and sentenced to intensive sanctions for four years with a one-year period of confinement. On February 22, 1994, the trial court extended Bridges' period of confinement for an additional year. Bridges filed a notice of appeal from the order extending the period of confinement.

The statutory provisions governing sentences to the intensive sanctions program are §§ 301.048 and 973.032, STATS. The trial court may sentence a convicted criminal offender to intensive sanctions. Section 973.032(1). A trial court sentencing a convicted criminal offender to intensive sanctions must specify a maximum period for confinement in a prison or other Type 1 facility. Section 973.032(3)(a). The confinement period may not exceed one year, unless waived by the offender. Section 973.032(3)(b). The department of corrections may request that the trial court extend the designated maximum confinement period. Section 973.032(4)(b). The trial court may not extend the maximum confinement period beyond a total of two years or two-thirds of the maximum period of imprisonment that could have been imposed, whichever is less. *Id.*

The statutes do not specify how a convicted criminal offender may appeal an order extending the maximum confinement period when a sentence to intensive sanctions has been imposed. The statute for appeals in felony cases provides that the defendant shall file a notice of intent to pursue postconviction relief "[w]ithin 20 days of the *date of sentencing*." (Emphasis added.) RULE 809.30(2)(b), STATS. In cases where the department of corrections requests an exten-

sion of the maximum confinement period, the trial court's order would not be made until nearly a year after the sentence had been imposed and a substantial period of the confinement had been served. A trial court's order extending the maximum period of confinement is not, in itself, a "sentence." Such an order simply changes the location where a portion of the previously-imposed sentence is served by extending the time spent in confinement in a prison or other Type 1 facility. We therefore conclude that RULE 809.30 does not provide authority for an appeal from an order extending the maximum period of confinement.

A decision may be reviewed by common law certiorari when no legislative provision establishes how review may be had. *See State ex rel. Smits v. City of DePere*, 104 Wis. 2d 26, 31, 310 N.W.2d 607, 609 (1981). Common law certiorari may be used to review judicial decisions. *See State ex rel. DHSS v. Circuit Court,* 84 Wis. 2d 707, 711-12, 267 N.W.2d 373, 375 (1978). Although the statutes governing the intensive sanctions program do not specify how a trial court's order extending the maximum period of confinement may be appealed, the statutes do provide that other decisions made when a person is sentenced to intensive sanctions, such sanction, discipline, and probation revocation proceedings, may be reviewed by common law writ of certiorari. *See* § 301.048(3)(d), STATS. Parole decisions and probation revocation proceedings which, like orders extending the maximum period of confinement, are made after the time for direct appeal from the judgment and sentence has elapsed, are reviewable by common law certiorari. *See, e.g., State ex rel. Rodriguez v. DHSS*, 133 Wis. 2d 47, 393 N.W.2d 105 (Ct. App. 1986). Because parole decisions, probation revoca-

tion proceedings, and other decisions made when a person is sentenced to intensive sanctions are reviewable by writ of certiorari, we conclude that certiorari is the proper method of challenging a trial court's order extending the period of confinement.

Section 808.04(1), STATS., provides that an appeal must be initiated within ninety days of entry of the judgment or order appealed from unless written notice of entry is given, which shortens the deadline. Bridges appealed the trial court's order forty-five days after it was entered. Because this appeal was timely filed pursuant to § 808.04(1), STATS., the court has jurisdiction.

*By the Court.*—Court has jurisdiction over the appeal.