STATE of Wisconsin, Plaintiff-Respondent,

v.

Christopher SWIAMS, Defendant-Appellant.

Court of Appeals

*No. 04–0299–CR. Oral argument September 28, 2004.—Decided October 19, 2004.*

2004 WI App 217

(Also reported in 690 N.W.2d 452.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of and oral argument by *Jefren E. Olsen*, assistant state public defender of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of and oral argument by *David J. Becker*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Fine, Curley and Kessler, JJ.

¶ 1. FINE, J.  Christopher Swiams appeals the trial court's order directing that he be reconfined in the Wisconsin State Prisons following the revocation of the extended-supervision part of his bifurcated sentence, and from the trial court's order denying his motion for postconviction relief. We reverse the trial court's order denying his motion for postconviction relief, and remand for further proceedings.

## I.

¶ 2.  Christopher Swiams pled guilty to the delivery of fewer than five grams of cocaine as a second or subsequent offense, *see* WIS. STAT. §§ 961.41(1)(cm)1 and 961.48, and was sentenced on November 20, 2001, to a bifurcated term of fifteen months in the Wisconsin State Prisons and twenty-seven months of extended supervision, *see* WIS. STAT. § 973.01. When sentenced, he formally indicated that he did not intend to seek postconviction relief. Judgment of conviction was entered on November 21, 2001.

¶ 3.  Swiams served the confinement portion of his sentence and was released to serve the twenty-seven months of extended supervision. The Department of Corrections revoked his extended supervision on April 17, 2003, based on things Swiams did in March of 2003. *See* WIS. STAT. § 302.113(9)(am) (2001–02).[1] Swiams was then returned to court for imposition of a period of

---

[1] WISCONSIN STAT. § 302.113(9)(am) was so numbered and its text put into its present form by 2001 Wis. Act 109, § 397, made effective to those persons whose extended-supervision-revocation proceedings were started on or after February 1, 2003. 2001 Wis. Act 109, §§ 9359(4), 9459(1).

403

reconfinement. *See ibid.* On May 30, 2003, the trial court ordered that Swiams be sent to prison for eighteen months. Swiams sought review of the trial court's reconfinement order by filing a notice of intent to pursue postconviction relief under WIS. STAT. RULE 809.30 on June 6, 2003. The trial court denied his motion for postconviction relief, ruling that Swiams's postconviction rights under RULE 809.30 had long expired.

¶ 4. The question presented by this appeal is whether persons sentenced to a bifurcated term of imprisonment whose extended supervision is revoked may seek relief under WIS. STAT. RULE 809.30 from the trial court's reconfinement order. We hold that they may.

## II.

### A.

¶ 5. This appeal requires us to apply several interrelated statutes to facts that are not in dispute. Thus, our review is *de novo. See State v. Wilson,* 170 Wis. 2d 720, 722, 490 N.W.2d 48, 50 (Ct. App. 1992), *denial of habeas corpus aff'd, Wilson v. McCaughtry,* 994 F.2d 1228 (7th Cir. 1993). Application of statutes requires that we "faithfully give effect to the laws enacted by the legislature." *State ex rel. Kalal v. Circuit Court,* 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 662, 681 N.W.2d 110, 123–124 ("It is the enacted law, not the unenacted intent, that is binding on the public."). In doing so, "[w]e assume that the legislature's intent is expressed in the statutory language." *Id.,* 2004 WI 58, ¶ 44, 271 Wis. 2d at 662, 681 N.W.2d at 124. If that language is clear, we apply it as it reads because the

words used by the legislature are the best evidence of its intent. *Id.*, 2004 WI 58, ¶ 45, 271 Wis. 2d at 663, 681 N.W.2d at 124. Further, we may use context to derive the meaning of words that, when viewed in isolation, appear unclear. *Ibid.* External sources of legislative intent, that is matters not appearing in statutes themselves, *id.*, 2004 WI 58, ¶ 50, 271 Wis. 2d at 666, 681 N.W.2d at 125, can help to discern legislative intent when the statutory language is not clear on its face, *id.*, 2004 WI 58, ¶¶ 50–51, 271 Wis. 2d at 666–667, 681 N.W.2d at 125–126. External sources may also help "confirm or verify a plain-meaning interpretation." *Id.*, 2004 WI 58, ¶ 51, 271 Wis. 2d at 666–667, 681 N.W.2d at 126. We examine the statutes against this background.

## B.

¶ 6.   Under the law applicable to Swiams when he was sentenced, the trial court was required to "impose a bifurcated sentence that consists of a term of confinement in prison followed by a term of extended supervision under s. 302.113." WIS. STAT. § 973.01(1) (1999–2000).[2] As we have seen, that is what the trial court did. WISCONSIN STAT. § 302.113(9)(am) (2001–02) reads, as material to this appeal:

> If a person released to extended supervision under this section violates a condition of extended supervision, the reviewing authority may revoke the extended supervision of the person. If the extended supervision of the

[2] WISCONSIN STAT. § 973.01(1) was amended effective February 1, 2003, by 2001 Wis. Act 109, §§ 1114, 9459(1). As material to this appeal, there are no substantive differences between the version in effect when Swiams was sentenced and the current version.

person is revoked, the person shall be returned to the circuit court for the county in which the person was convicted of the offense for which he or she was on extended supervision, and the court shall order the person to be returned to prison for any specified period of time that does not exceed the time remaining on the bifurcated sentence.[3]

(Footnote added.) The Department of Corrections was the "reviewing authority" in Swiams's case.[4] After the trial court ordered that Swiams be sent back to prison, Swiams filed a notice of intent to pursue postconviction

---

[3] As we have seen in footnote 1 of this opinion, Wis. Stat. § 302.113(9)(am) was put into its present form by § 397 of 2001 Wis. Act 109. The changes are as follows (deletions indicated by interlineations, additions indicated by underlining): ·

If a person released to extended supervision under this section violates a condition of extended supervision, the division of hearings and appeals in the department of administration, upon proper notice and hearing, or the department of corrections, if the person on extended supervision waives a hearing, reviewing authority may revoke the extended supervision of the person and return the person to prison. If the extended supervision of the person is revoked, the person shall be returned to the circuit court for the county in which the person was convicted of the offense for which he or she was on extended supervision, and the court shall order the person to be returned to prison, he or she shall be returned to prison for any specified period of time that does not exceed the time remaining on the bifurcated sentence. The time remaining on the bifurcated sentence is the total length of the bifurcated sentence, less time served by the person in custody confinement under the sentence before release to extended supervision under sub. (2) and less all time served in confinement for previous revocations of extended supervision under the sentence. The revocation court order returning a person to prison under this paragraph shall provide the person on whose extended supervision was revoked with credit in accordance with ss. 304.072 and 973.155.

[4] Under Wis. Stat. § 302.113(9)(ag), " 'reviewing authority' means the division of hearings and appeals in the department of

406

relief under Wis. Stat. Rule 809.30 within twenty days of entry of the reconfinement order. Rule 809.30(2)(b) requires that a defendant filing "a notice of intent to pursue postconviction . . . relief" must do so, as material here, "[w]ithin 20 days after the date of sentencing."[5] As we have seen, the trial court ruled that Rule 809.30 did not apply because the twenty days under the rule was triggered by the original November 2001 sentencing. The trial court explained its ruling in a written decision:

> Although it may be argued that a defendant has a right to counsel at the reincarceration hearing and for purposes of appealing the results of the revocation hearing, that right must be created by the legislature. Section 302.113(9), Stats., merely allows the court to take over the function originally performed by the administrative law judge at the revocation hearing, i.e. to determine the reincarceration time period after revocation of extended supervision. Act 109 (eff. 2/1/03) transferred that responsibility to the courts but did not create any

administration, upon proper notice and hearing, or the department of corrections, if the person on extended supervision waives a hearing."

[5] Wisconsin Stat. Rule 809.30(2)(b) reads, as material here:

*Notice of intent to pursue postconviction or postdisposition relief.* Within 20 days after the date of sentencing or final adjudication, the person shall file in circuit court and serve on the prosecutor and any other party a notice of intent to pursue postconviction or postdisposition relief.

The phrase " '[f]inal adjudication' means the entry of a final judgment or order by the circuit court in a ch. 48, 51, 55, or 938 case, other than a termination of parental rights case under s. 48.43 or a parental consent to abortion case under s. 48.375 (7)." Rule 809.30(1)(a). This appeal thus does not concern an attempt to seek relief under Rule 809.30 from a "final adjudication."

additional appellate rights to challenge the amount of reincarceration time imposed by the court; the only challenge to a revocation period proceeding currently in statutory existence is a petition for writ of certiorari. Consequently, the only remedy at this juncture before the trial court is a motion to modify sentence predicated on the existence of a new factor. All of the other appellate timelines have expired, and the legislature has not provided for any other remedy. The court does not find that a new factor exists in this instance.[6]

(Footnote added.)

¶ 7. Swiams does not contest the trial court's determination that modification of the reconfinement order was not warranted under a "new factor" analysis. *See Rosado v. State*, 70 Wis. 2d 280, 288, 234 N.W.2d 69, 73 (1975) ("New factor" is fact or set of facts highly relevant to imposition of sentence, but not known to trial court at original sentencing, either because it was not then in existence or because it was unknowingly overlooked by the parties.). He argues, however, that WIS. STAT. RULE 809.30 does provide the mechanism for him to challenge the trial court's reconfinement order.

¶ 8. The State, on the other hand, takes a middle course. It eschews the trial court's view that persons

---

[6] As the trial court indicated, review of the decision by the Department of Administration, Division of Hearings and Appeals to revoke or to not revoke extended supervision (as opposed to review of the trial court's order sending the defendant to prison following revocation) is by certiorari. WIS. STAT. § 302.113(9)(g) (2001–02). The Department of Corrections is the "reviewing authority" only when the prisoner waives his or her right to a revocation hearing. § 302.113(9)(ag). Thus, we assume for the purposes of this opinion, but do not decide, that a prisoner who waives his or her right to a hearing will rarely, if ever, seek judicial review of whether revocation was warranted.

challenging reconfinement orders may do so only if they show a "new factor." The State contends, however, that reconfinement orders may only be reviewed *via* common-law certiorari and not under WIS. STAT. RULE 809.30. It relies on *State v. Bridges*, 195 Wis. 2d 254, 536 N.W.2d 153 (Ct. App. 1995) (per curiam).

¶ 9.   *Bridges* held that a trial court's order extending the maximum period of confinement of an intensive-sanctions sentence under WIS. STAT. §§ 301.048 and 973.032 (1993–94) was not a "sentence" as that term is used in WIS. STAT. RULE 809.30, *Bridges*, 195 Wis. 2d at 257–258, 536 N.W.2d at 154, and was thus reviewable only by common-law certiorari, *id.*, 195 Wis. 2d at 258–259, 536 N.W.2d at 154. This preserved Bridge's ability to get review of the extension order as a matter of right because RULE 809.30, as we have seen, requires that a notice of intent to seek postconviction relief be filed "[w]ithin 20 days after the date of sentencing," RULE 809.30(2)(b), and those twenty days had expired when he filed his *pro se* notice of appeal forty-five days after entry of the extension order, *Bridges*, 195 Wis. 2d at 259, 536 N.W.2d at 154.[7]

¶ 10.   In ruling that Bridges could seek review *via* common-law certiorari, *Bridges* noted that certiorari "may be used to review judicial decisions." *Id.*, 195 Wis. 2d at 258, 536 N.W.2d at 154. *Bridges* cited *State ex rel. Department of Health and Social Services v. Circuit Court*, 84 Wis. 2d 707, 711–712, 267 N.W.2d 373, 375

---

[7] WISCONSIN STAT. RULE 809.82(2) recognizes that, *inter alia*, the time to take action under WIS. STAT. RULE 809.30 can be "enlarge[ed]" by the court. *See State v. Mahone*, 127 Wis. 2d 364, 381 n.7, 379 N.W.2d 878, 886 n.7 (Ct. App. 1985). *State v. Bridges*, 195 Wis. 2d 254, 536 N.W.2d 153 (Ct. App. 1995) (per curiam), did not discuss the right of a party to seek discretionary enlargement of the time limits in RULE 809.30.

(1978) (per curiam), in support. *Bridges*, 195 Wis. 2d at 258, 536 N.W.2d at 154. *Department of Health and Social Services* recognized, however, *in haec verba* and by a decision upon which it relied, that certiorari review of a judicial act determines only whether the judicial tribunal was acting within its jurisdiction. *Id.*, 84 Wis. 2d at 711–712, 267 N.W.2d at 375; *see Krueger v. Cone*, 106 Wis. 522, 523–524, 81 N.W. 984, 985 (1900) (cited by *Department of Health & Soc. Servs.*, 84 Wis. 2d at 712, 267 N.W.2d at 375); *Barnes v. Schmitz*, 44 Wis. 482, 482 (1878) (cited by *Krueger*, 106 Wis. at 524, 81 N.W. at 985); *see also State v. Gibbons*, 71 Wis. 2d 94, 99–100, 237 N.W.2d 33, 35–36 (1976) (certiorari proper mechanism to review whether trial court had jurisdiction to impose conditions on a sentence to a state prison).

¶ 11. Opposing the State's reliance on *Bridges*, Swiams points to *State v. Mahone*, 127 Wis. 2d 364, 379 N.W.2d 878 (Ct. App. 1985). *Mahone* assumed that a person absolved of criminal responsibility because of a mental disease or defect and conditionally released under Wis. Stat. § 971.17(2) from confinement could use Wis. Stat. Rule 809.30 to challenge revocation of that conditional release and recommitment pursuant to § 971.17(3), even though the record in *Mahone* did "not reveal whether Mahone pursued his appeal in a proper manner under Rule 809.30." *Mahone*, 127 Wis. 2d at 381 n.7, 379 N.W.2d at 887 n.7. The State had argued in *Mahone* that Wis. Stat. § 808.04, applicable to appeals in civil cases, governed, and, accordingly, Mahone's appeal was irretrievably untimely. *Mahone*, 127 Wis. 2d at 381 n.7, 379 N.W.2d at 886–887 n.7. *Mahone*, on its own motion, enlarged the time for Mahone to file his appeal, which would not have been possible if § 808.04 applied. *Mahone*, 127 Wis. 2d at 381 n.7, 379 N.W.2d at 887 n.7.

¶ 12.   As we explain below, neither *Bridges* nor *Mahone* is helpful here.

## C.

¶ 13.   WISCONSIN STAT. § 974.02 governs appeals and postconviction relief in criminal cases. Section 974.02(1) (2001–02) provides, as material here:

> A motion for postconviction relief other than under s. 974.06 or 974.07 (2) by the defendant in a criminal case shall be made in the time and manner provided in s. 809.30. An appeal by the defendant in a criminal case from a judgment of conviction or from an order denying a postconviction motion or from both shall be taken in the time and manner provided in ss. 808.04 (3) and 809.30.[8]

(Footnote added).

---

[8] The sentences of WIS. STAT. § 974.02 quoted in the text of this opinion originally read:

> A motion for postconviction relief other than under s. 974.06 or 974.07 (2) by the defendant in a criminal case shall be made in the time and manner provided in ss. 809.30 and 809.40. An appeal by the defendant in a criminal case from a judgment of conviction or from an order denying a postconviction motion or from both shall be taken in the time and manner provided in ss. 808.04 (3), 809.30 and 809.40.

The references to "809.40" were repealed by 2003 Wis. Act 326, § 134, effective June 12, 2004. 2003 Wis. Act 326, § 146.

WISCONSIN STAT. § 974.06(1) establishes the procedure for persons in designated custodial circumstances who claim:

> the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack.

411

¶ 14. WISCONSIN STAT. RULE 809.30, which, as WIS. STAT. § 974.02(1) provides, governs, among other things, an "appeal by the defendant in a criminal case . . . from an order denying a postconviction motion," and has several interrelated provisions that are material to this appeal.

- "A person seeking postconviction relief in a criminal case . . . shall comply with" RULE 809.30. RULE 809.30(2)(a). This incorporates the twenty-day requirement in RULE 809.30(2)(b).

- The phrase "[p]ostconviction relief" is defined as "an appeal or a motion for postconviction relief in a criminal case, other than an appeal, motion, or petition under ss. 302.113 (7m), 302.113 (9g), 973.19, 973.195, 974.06 or 974.07 (2)." RULE 809.30(1)(c).

- " 'Sentencing' means the imposition of a sentence, a fine, or probation in a criminal case." RULE 809.30(1)(f).

There is no dispute but that the revocation of Swiams's extended supervision and his return to court under WIS. STAT. § 302.113(9)(am) (2001–02) was in a "criminal"

---

Under § 974.06(1), the prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence" even though "the time for appeal or postconviction remedy provided in s. 974.02 has expired." Swiams does not claim that § 974.06 applies to him in connection with the trial court's reconfinement order. WISCONSIN STAT. § 974.07, which concerns motions for postconviction deoxyribonucleic acid testing, also does not apply here. Insofar as WIS. STAT. § 808.04 has any applicability, it provides that "an appeal in a criminal case . . . shall be initiated within the time period specified in s. 809.30." § 808.04(3). WISCONSIN STAT. RULE 809.40 concerns "[a]ppeals in termination of parental rights, ch. 799, traffic regulation, municipal ordinance violation, and parental consent to abortion cases."

case. Although the State argues that his desired contest of the trial court's reconfinement order did not seek "postconviction relief" as that term is used in RULE 809.30, the clear and common-sense assessment is that the motion that the trial court denied was, in fact, Swiams's motion for "postconviction relief" (the motion was filed after his conviction, and the motion sought relief from something that the trial court did after his conviction) as defined by RULE 809.30(1)(c), quoted above. Indeed, although RULE 809.30(1)(c) specifically excludes relief sought under § 302.113(9)(g) (certiorari review of decision whether to revoke extended supervision) from the definition of "postconviction relief," it did not exclude from the definition relief from a reconfinement order entered under § 302.113(9)(am). The core of the disagreement between Swiams and the State thus resolves to whether the reconfinement proceeding was a "sentencing."

¶ 15. Swiams concedes that his November 20, 2001, sentencing was a "sentencing" as that term is used in WIS. STAT. RULE 809.30. He contends, however, that the reconfinement proceeding was also a "sentencing" as that term is defined by RULE 809.30(1)(f) and used in RULE 809.30(2)(b). Accordingly, he argues that his notice of intent to pursue postconviction relief was timely.

¶ 16. Although the word "sentencing" might be thought by non-lawyers to refer to any process by which a penalty is imposed on a person found guilty of an offense, *see* THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 1644 (3d ed. 1992) ("[a] court judgment, especially a judicial decision of the punishment to be inflicted on one adjudged guilty"), it has conflicting meanings in Wisconsin law.

413

- Custody on a parole hold is "actual confinement serving a criminal sentence" under WIS. STAT. § 939.62(2) so that the time on the hold does not count toward the five years that a person must remain crime-free so as not to be "a repeater" under § 939.62(1). *State v. Price,* 231 Wis. 2d 229, 235–236, 604 N.W.2d 898, 901 (Ct. App. 1999).

- Custody on a parole hold is not a "sentence" to which a sentence may be made consecutive under WIS. STAT. § 973.15(2)(a) ("court may impose as many sentences as there are convictions and may provide that any such sentence be concurrent with or consecutive to any other sentence"). *Guyton v. State,* 69 Wis. 2d 663, 666–667, 230 N.W.2d 726, 727–728 (1975) ("sentence" imposed after revocation of parole does not start until person "returned to prison").

- Probation is not a "sentence" and thus probationer in custody as a condition of probation is not entitled to good-time credit available to those serving a "sentence," even though a relevant statute provided that "[a] *sentence* of probation shall have the effect of placing the defendant in the custody of the department." *Prue v. State,* 63 Wis. 2d 109, 114–116, 216 N.W.2d 43, 45–46 (1974) (emphasis added).

- Probation is a "sentence" so that a post-revocation motion to withdraw a guilty plea is governed by the standard applicable to those who seek to withdraw their pleas after sentencing. *State v. Booth,* 142 Wis. 2d 232, 234–235, 237, 418 N.W.2d 20, 21, 22 (Ct. App. 1987).

- Person on "straight probation" is "in custody under sentence of a court" and is thus entitled to seek relief under WIS. STAT. § 974.06. *State v. Mentzel,* 218 Wis. 2d 734, 737–744, 581 N.W.2d 581, 582–584 (Ct. App. 1998).

If anything is clear it is that the word "sentence" is not; the word is colored by the light with which it is viewed. *Id.,* 218 Wis. 2d at 740, 581 N.W.2d at 583 (meaning of

414

"sentence depends on the particular statute involved and the setting to which the statute applies"). That the same word may have different meanings in varying contexts is not unique or something from which to shrink. *See Kalal*, 2004 WI 58, ¶ 49, 271 Wis. 2d at 665, 681 N.W.2d at 125 ("Many words have multiple dictionary definitions; the applicable definition depends upon the context in which the word is used."). A neutral-principled analysis requires that we apply the meaning that is most congruent with "the purpose of the particular statute under consideration." *Price*, 231 Wis. 2d at 234, 604 N.W.2d at 901.

¶ 17.  Statutes that permit the deprivation of a persons liberty because of that person's crime must ensure that the public is protected from the person and also that the person not have his or her liberty circumscribed unfairly. Thus, for example, Wis. Stat. § 973.017(2), requires every court making "a sentencing decision concerning a person convicted of a criminal offense committed on or after February 1, 2003," to consider, in addition to any applicable sentencing guidelines, the following:   (1) "[t]he protection of the public"; (2) "[t]he gravity of the offense"; (3) "[t]he rehabilitative needs of the defendant"; and (4) "[a]ny applicable mitigating factors and any applicable aggravating factors." § 973.017(2)(a), (ad), (ag), (ak), (b). Although a "sentencing decision" under § 973.017 "means a decision as to whether to impose a bifurcated sentence under s. 973.01 or place a person on probation and a decision as to the length of a bifurcated sentence, including the length of each component of the bifurcated sentence, the amount of a fine, and the length of a term of probation," § 973.017(1), the factors spelled out in § 973.017(2) predate the enactment of § 973.017 by

415

2001 Wis. Act 109, and are a codification of pre-existing sentencing law, *see State v. Echols,* 175 Wis. 2d 653, 682, 499 N.W.2d 631, 640–641 (1993).

██

¶ 18.   Sentencing is, and always has been, left to the trial courts reasonable exercise of its discretion. *State v. Gallion,* 2004 WI 42, ¶¶ 17–18, 270 Wis. 2d 535, 549, 678 N.W.2d 197, 203. But there must also be the safeguard of meaningful appellate review. *Id.,* 2004 WI 42, ¶¶ 19, 76, 270 Wis. 2d at 549–550, 572, 678 N.W.2d at 203, 214. Consistent with the appropriate method of statutory analysis recognized by both *Kalal* and *Price,* that we have discussed, this need for meaningful appellate review of a trial court's decision to take away a person's liberty must be our polestar.

¶ 19.   We are presented with three possible alternatives in assessing Swiams's appellate rights in connection with the reconfinement order about which he complains.

¶ 20.   First, we could adopt the trial court's approach and rule that a defendant whose extended supervision has been revoked may only challenge a reconfinement order if he or she shows a "new factor." This would effectively immunize from review a trial court's decision under Wis. Stat. § 302.113(9)(am) (2001–02) as to how long the defendant should be reconfined; the only avenues of complaint would be if the trial court either ignored the mandate that the defendant may "be returned to prison for any specified period of time *that does not exceed the time remaining on the bifurcated* sentence," *ibid.* (emphasis added), or misapplied the law as to what is or is not a "new factor." As recognized by the Wisconsin Criminal Penalties Study Committee, which advised the legislature as Wisconsin's truth-in-sentencing scheme made it

416

through the legislative process, *Gallion*, 2004 WI 42, ¶ 29, 270 Wis. 2d at 553, 678 N.W.2d at 205, this would hardly be consistent with the need for meaningful appellate review of trial court reconfinement orders that could result in the defendant being "returned to prison for a substantial length of time." STATE OF WIS., CRIMINAL PENALTIES STUDY COMM., FINAL REPORT, at 131 (1999).[9]

¶ 21.  Second, we could adopt the State's approach and rule that Swiams's remedy is review by common-law certiorari. As the trial court noted, before the responsibility for determining the length of an offender's reconfinement was vested in the trial courts, that decision was made by an administrative agency. *See* footnote 4 of this opinion. Certiorari review of decisions by administrative agencies involves a fourfold inquiry:

> (1) whether the board kept within its jurisdiction, (2) whether the board acted according to law, (3) whether the board's action was arbitrary, oppressive or unreasonable and represented its will and not its judgment, and (4) whether the evidence was such that the board might reasonably make the order or determination in question.

*Drow v. Schwarz*, 225 Wis. 2d 362, 368, 592 N.W.2d 623, 627 (1999). On the other hand, as we have seen, certiorari review of decisions by judicial tribunals is limited to whether the tribunal had the jurisdiction to do what it did. *Department of Health Soc. Servs.*, 84 Wis. 2d at 712, 267 N.W.2d at 375. As Swiams observes in his reply brief, a review of a trial court's reconfine-

---

[9] The Final Report may be accessed at:   http://www.doa. state.wi.us/docs_view2.asp? docid=42.

ment order by common-law certiorari would provide "no review at all"—or, at the very least, review so limited as to be the functional equivalent of "no review."

¶ 22. Third, we could permit defendants seeking to challenge reconfinement orders to do so under WIS. STAT. RULE 809.30 by recognizing the common-sense reality that a hearing to determine whether a person should be sent to prison (or returned to prison) and for how long is a "sentencing." Indeed, although the Criminal Penalties Study Committee opined that the reconfinement "disposition hearing is not a 'resentencing,' " FINAL REPORT, at 130, it appears from the legislative history that we have been provided by Swiams, and that has not been questioned by the State, that the "sentencing" word was shunned to avoid what the then staff counsel to the Criminal Penalties Study Committee, and now circuit court judge, Michael B. Brennan reflected in a May 7, 1999, e-mail memorandum to Jefren E. Olsen, then a drafting attorney with the Legislative Reference Bureau, and now an assistant state public defender (and the attorney representing Swiams on this appeal), said were double-jeopardy concerns if the reconfinement order were viewed as a "resentencing."[10] E-mail from Michael B. Brennan, staff counsel to the Criminal Penalties Study Committee, to Jefren E. Olsen, drafting attorney with the Legislative Reference Bureau (May 7, 1999, 12:33 CST) (on file with the court). Nevertheless, it is clear from that legislative history that the drafters of what became WIS. STAT. § 302.113(9)(am) routinely used the term "sentencing" to describe the order of recommitment following revocation of a prisoner's extended supervision. Thus, to

---

[10] We express no view whether those concerns were warranted.

quote a readily accessible example, a subcommittee referred to the reconfinement disposition hearing as a "resentencing" in one of the Final Report's appendices: "The subcommittee recommends that at the time of *resentencing,* the trial court has authority to specify a new bifurcated sentence which may not be longer than but may be equal to or less than the [extended supervision] period in the offender's original sentence." FINAL REPORT, APPENDIX H, at 2 (emphasis added).[11]

¶ 23. In light of the need for meaningful assessment of decisions that deprive persons of their liberty, *Gallion,* 2004 WI 42, ¶¶ 19, 76, 270 Wis. 2d at 549–550, 572, 678 N.W.2d at 203, 214, we perceive no reason why a "sentencing" under WIS. STAT. RULE 809.30 should not encompass reconfinement under WIS. STAT. § 302.113(9)(am) (2001–02). Indeed, other than a concern expressed at oral argument that to require the trial courts to fully explain a reconfinement order might take too much time, the State does not point to

---

[11] The appendices to the Final Report may be accessed at: http://www.doa.state.wi.us/ docs_view2.asp?docid=43. The reference to "a new bifurcated sentence" apparently was to a draft of what ultimately became WIS. STAT. § 302.113(9)(am) that permitted the trial court to impose a bifurcated reconfinement order. Thus, in the legislative-history materials that Swiams has provided to us there is a Legislative Reference Bureau Drafter's Note from then legislative attorney Jefren E. Olsen that notes that a new draft of the provision did "not refer to a court giving a person a new bifurcated 'sentence' after revoking [extended supervision]," opining "that such language is unnecessary because that is essentially what happens by operation of s. 302.113 (9), stats." Drafter's Note from the Legislative Reference Bureau (Aug. 3, 1999) (small caps omitted) (on file with the court).

any adverse consequences that could possibly flow from permitting defendants to seek review of reconfinement orders *via* RULE 809.30, and we see none. We reject the State's attempted expediency-based justification for any truncation of the sentencing explanation to which every person deprived of his or her liberty is entitled. As for the alleged conflict between *Bridges* and *Mahone*, we do not perceive any. Each decision involved not only statutory schemes that were different from each other, but also different from the one we consider here. As *Price* teaches, "the purpose of the particular statute under consideration" is a crucial factor in determining legislative intent. *Price*, 231 Wis. 2d at 234, 604 N.W.2d at 901. As we have seen, both *Bridges* and *Mahone* preserved appellate review as of right by the appellants in those cases. Moreover, *Mahone* predates *Bridges*, and insofar as *Bridges* conflicts with *Mahone*, *Bridges* must give way. *See State v. Bolden*, 2003 WI App 155, ¶ 9–11, 265 Wis. 2d 853, 858–859, 667 N.W.2d 364, 366–367 (if two court of appeals decisions conflict, the first governs). Accordingly, we reverse the order of the trial court dismissing Swiams's motion for postconviction relief, and remand for further proceedings.[12]

*By the Court.*—Order reversed and cause remanded.

---

[12] In view of our decision that the reconfinement order was a "sentencing," we do not address Swiams's alternative contention that depriving him of postconviction relief *via* WIS. STAT. RULE 809.30 violates the Wisconsin Constitution. *See State ex rel. State Pub. Defender v. Percy*, 97 Wis. 2d 627, 632, 294 N.W.2d 528, 531 (Ct. App. 1980) (arguments based on constitution should not be reached unless necessary).