In re the Commitment of Shermell G. Tabor:

State of Wisconsin,
Petitioner-Respondent,

v.

Shermell G. Tabor,
Respondent-Appellant.†
[Case No. 2004AP1986.]

In re the Commitment of Ronald Irvin Ryan:

State of Wisconsin,
Petitioner-Respondent,

v.

Ronald Irvin Ryan,
Respondent-Appellant.†
[Case No. 2004AP1987.]

Court of Appeals

*Nos. 2004AP1986, 2004AP1987. Submitted on briefs April 6, 2005.—Decided April 26, 2005.*

2005 WI App 107

(Also reported in 699 N.W.2d 663.)

On behalf of the respondents-appellants, the cause was submitted on the consolidated briefs of *Ellen Henak*, assistant state public defender.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Warren D. Weinstein*, assistant attorney general.

Before Wedemeyer, P.J., Fine and Kessler, JJ.

¶ 1. FINE, J.   2003 Wis. Act 187 modified, as material to this appeal, both the definition of "sexually violent person" and the threshold required to establish that a person whom the State seeks to commit under WIS. STAT. ch. 980 is "dangerous to others." 2003 Wis. Act 187, §§ 2, 2m (codified in WIS. STAT. §§ 980.01(7) and 980.02(2)(c) (2003–04)). This is a consolidated permissive appeal from non-final trial-court orders holding that under 2003 Wis. Act 187, § 8 these modifications apply to trials to determine whether Shermell G. Tabor and Ronald Irvin Ryan should be committed, even though the ch. 980 petitions filed against them antedated the Act's effective date.

¶ 2.   2003 Wis. Act 187, § 8 says that its provisions "first apply to hearings, trials, and proceedings that are commenced on the effective date of this subsection." The Act was published on April 21, 2004. Thus, because there is no other effective date provided for in the Act, it became effective on the day after publication, April 22, 2004. *See* WIS. STAT. § 991.11. The WIS. STAT. ch. 980 petitions seeking to commit Tabor and Ryan were filed

770

in 2001 and 2003 respectively, but they have not yet had their trials under Wis. Stat. § 980.05. The trial court held that the modifications were thus applicable to both Tabor and Ryan. We agree and affirm.

¶ 3.    None of the facts material to this appeal is disputed. Accordingly, our review is *de novo. State v. Swiams*, 2004 WI App 217, ¶ 5, 277 Wis. 2d 400, 404, 690 N.W.2d 452, 454. Absent constitutional infirmity, we apply statutes as they are written because the legislature expresses its intent through the words it uses. *Id.*, 2004 WI App 217, ¶ 5, 277 Wis. 2d at 404–405, 690 N.W.2d at 454. Tabor and Ryan contend that the clear command of 2003 Wis. Act 187 to the contrary notwithstanding, the modifications should not apply to them. We will analyze their contentions after we look at what 2003 Wis. Act 187 did to Wis. Stat. ch. 980 as material to this appeal.

> *2003 Wis. Act 187, § 2:* Before the legislature enacted § 2, a person was a "sexually violent person" for the purposes of Wis. Stat. ch. 980 if, in addition to the other predicate elements, that person "is dangerous because he or she suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence." Wis. Stat. § 980.01(7) (2001–02). *State v. Curiel*, 227 Wis. 2d 389, 406, 597 N.W.2d 697, 704 (1999), defined " 'substantially probable' as meaning 'much more likely than not.' " Section 2 of 2003 Wis. Act 187 substituted "likely" for the words "substantially probable."[1] *See also* 2003 Wis. Act 187,

---

[1] Wisconsin Stat. § 980.01(7) (2003–04) reads in full:

"Sexually violent person" means a person who has been convicted of a sexually violent offense, has been adjudicated delinquent for a sexually violent offense, or has been found not guilty of or not responsible for a sexually violent offense by reason of insanity or

§ 1 (" 'Likely' means more likely than not.") (codified in WIS. STAT. § 980.01(1m) (2003–04)).

*2003 Wis. Act 187, § 2m:* Before the legislature enacted § 2m, a person was "dangerous to others" if that person's "mental disorder creates a substantial probability that he or she will engage in acts of sexual violence." WIS. STAT. § 980.02(2)(c) (2001–02). Section 2(m) of 2003 Wis. Act 187 substituted "makes it likely" for the words "creates a substantial probability."[2]

As we have seen, § 8 of 2003 Wis. Act 187 made these modifications effective "to hearings, trials, and proceedings that are commenced" on or after April 22, 2004. Nevertheless, Tabor and Ryan contend that the modifications should not apply to their trials. We examine their contentions in turn.

¶ 4. Tabor and Ryan first contend that even though they have not yet been tried their trials really "commenced" when the petitions seeking their commitment were filed and served on them. Their rationale is two-fold: (1) that under WIS. STAT. § 980.05(3)(a) the "trial" is "on a petition," which, by virtue of WIS. STAT. § 980.02(2), must be filed within ninety days of the person's release from custody imposed for the underlying crime of sexual violence; and (2) the petitions filed against both Tabor and Ryan alleged what the statute required at the time the petitions were filed, namely that there was a "substantial probability" that they "will

mental disease, defect, or illness, and who is dangerous because he or she suffers from a mental disorder that makes it likely that the person will engage in acts of sexual violence.

[2] WISCONSIN STAT. § 980.02(2)(c) (2003–04) reads in full: "The person is dangerous to others because the person's mental disorder makes it likely that he or she will engage in acts of sexual violence."

engage in acts of sexual violence," and that the State must thus still meet that level of proof. We disagree.

¶ 5. First, WIS. STAT. § 980.05(3)(a) reads in full: "At a trial on a petition under this chapter, the petitioner has the burden of proving the allegations in the petition beyond a reasonable doubt." There is nothing in this provision that indicates legislative intent to limit the nature of the proof to that alleged in the petition; rather, the subsection merely sets the State's burden of proof at "beyond a reasonable doubt." Moreover, if the legislature *had* intended in 2003 Wis. Act 187 to read the phrase "trial on a petition" as does Tabor and Ryan, it could have very easily worded the language of § 8 to so provide by making the Act generically "first apply to hearings, trials, and proceedings that are commenced on the effective date of this subsection." It did not. That it did not is clarion of its intent to *change* (and lower) the dangerousness threshold for *everyone* because under WIS. STAT. ch. 980 the issue is whether the person is dangerous *at the time of the trial. State v. Carpenter*, 197 Wis. 2d 252, 274, 541 N.W.2d 105, 113 (1995) ("The focus of the statute is on the offender's current mental condition and the present danger to the public, not punishment."); *State v. Williams*, 2001 WI App 263, ¶¶ 21–23, 249 Wis. 2d 1, 20–21, 637 N.W.2d 791, 801–802. The petitions filed against Tabor and Ryan did not vest in them any immutable right to be tried under the then-existing standard for dangerousness; just as the legislature was empowered to provide for the commitment of those persons found to be "dangerous to others" because they are "sexually violent persons" even though they had already served their sentences for the predicate crimes (thus subjecting them to a post-sentence commitment that was for many

773

of them impossible at the time they either committed the underlying crimes or were convicted of those crimes), *Carpenter*, 197 Wis. 2d at 274, 541 N.W.2d at 113–114, the legislature may modify the threshold for dangerousness so long as the applicable criteria remain relevant to ch. 980's underlying purposes of both protecting society and providing needed treatment to persons whose mental disorder makes them dangerous, *see id.*, 197 Wis. 2d at 271, 541 N.W.2d at 112 ("[T]he principal purposes of ch. 980 are the protection of the public and the treatment of convicted sex offenders who are at a high risk to reoffend in order to reduce the likelihood that they will engage in such conduct in the future."). Tabor and Ryan do not argue that the modifications at issue here do not pass that relevance test.

¶ 6. Tabor and Ryan also argue that applying 2003 Wis. Act 187 to them violates their rights to due process by retroactively negating what they contend were their vested rights in the definitions extant when the petitions against them were filed and served. But, unlike the situations in the vested-rights cases upon which they rely, where the causes of action accrued before the legislative action, *Martin v. Richards*, 192 Wis. 2d 156, 531 N.W.2d 70 (1995) (reduction of damage caps in tort cases), and *Neiman v. American National Property and Casualty Co.*, 2000 WI 83, 236 Wis. 2d 411, 613 N.W.2d 160 (increase of damage caps in tort cases), the dangerousness of persons for whom commitment is sought is determined, as we have already seen, at the time of the trial and not at some earlier time. *See Carpenter*, 197 Wis. 2d at 274, 541 N.W.2d at 113; *Williams*, 2001 WI App 263, ¶¶ 21–23, 249 Wis. 2d at 20–21, 637 N.W.2d at 801–802. Thus, just as those sex offenders who committed their crimes and were con-

774

victed and sentenced before the enactment of WIS. STAT. ch. 980 were nevertheless subject to its provisions, *Carpenter*, 197 Wis. 2d at 262–274, 541 N.W.2d at 109–114 (double-jeopardy and ex-post-facto challenges), Tabor and Ryan are constitutionally subject to the legislature's modification of what constitutes dangerousness under ch. 980. Further, their claim that the legislature unfairly "unsettle[d] expectations that they reasonably relied upon in setting up their defenses to the petitions," does not assert the deprivation of any recognized right. *See State v. Burks*, 2004 WI App 14, ¶ 16, 268 Wis. 2d 747, 760, 674 N.W.2d 640, 647 (trial court may require defendant to be tried by a jury even though defendant prefers a bench trial for strategic reasons).

*By the Court.*—Orders affirmed.