BYAS, Plaintiff in error, v. STATE, Defendant in error.

*No. State 162. Argued May 3, 1972.—Decided June 6, 1972.*
(Also reported in 197 N. W. 2d 757.)

For the plaintiff in error there was a brief by *John M. Swietlik* and *Kivett & Kasdorf,* and oral argument by *Werner E. Scherr,* all of Milwaukee.

For the defendant in error the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

BEILFUSS, J.  The writ of error only challenges the order denying the postconviction motion. However, we

deem the real issue to be whether the sentence imposed was an abuse of discretion.

A resumé of the facts is as follows: At about 1 p. m., on June 22, 1970, the defendant Byas and two others, Roger Parker and Charles Hall, committed an armed robbery at the Guarantee Savings & Loan located at 7601 West Hampton Avenue in the city of Milwaukee. Parker and Byas entered the savings and loan office and Hall remained in the car they used. Both Byas and Parker were armed with handguns which they brandished and announced, "Put up your hands. Don't anybody move." The sum of $9,648 was taken from the cash drawers and vault. The four employees and two customers in the office were ordered to lie down on the floor. Parker and Byas left the office, and all three, with Hall driving, sped away from the scene.

Just a few minutes later Sgt. William Waters of the Milwaukee Police Department Traffic Bureau, while on his way to work riding his police motorcycle, heard a police report of the robbery and a description of the suspects. He recognized the suspects and radioed the police dispatcher that he was going to stop them. He did stop the car and approached it with his gun in hand. While he was talking to Hall at the left front door window, Parker reached across the front seat and, at point-blank range, fired at Waters. (Byas was in the backseat and did not fire his gun.) Waters was struck in the left shoulder and knocked to the pavement. The defendants' car again sped away and Waters fired five shots at it. A squad car arrived at the scene and immediately pursued the defendants, stopped them and arrested them.

The bullet passed completely through Waters' shoulder. He recovered but has a slight permanent injury.

All three, Parker, Hall and Byas were charged with two offenses, attempted murder and armed robbery.

At the arraignment on April 15, 1971, the district attorney announced a plea bargain had been entered into between the state, the defendants and their respective counsel. In the cases of the defendants Byas and Hall (the driver), the charge of attempted murder was to be dismissed in exchange for pleas of guilty to an armed robbery count. Further, the district attorney refused to drop either count against Parker (he shot the officer), and insisted that his recommendation would be substantial incarceration as to all three defendants. The plea bargain was agreed to by the defendants and their attorneys, and pleas of guilty accordingly made and accepted after the facts were presented.

After a plea of guilty was accepted, counsel for Byas asked for a presentence investigation. The court responded by advising that a presentence investigation and report would be ordered if the defendant wanted one, but regardless of whether sentence was imposed now or later it would be fifteen years. Counsel then stated he had discussed this possibility with the defendant and did not insist upon a presentence investigation.

Counsel was invited to and did make a statement in behalf of Byas. He informed the court that Byas had no past record of any significance—four traffic-type misdemeanors or ordinance violations, that he had been employed, that he was married and had children and had supported them, and that he had been incarcerated for several months before trial. The court, of course, observed the defendant and in addition to his appearance the record revealed he was born on November 24, 1942.

In several cases we have encouraged the use of presentence investigations and reports, but we have also stated that these reports are not necessarily required because the trial judge must decide and impose an appropriate sentence from all of the information and not

just a presentence report.[1] We are of the opinion that the failure to order and consider a presentence report was not an abuse of discretion.

The defendant also contends the court abused its discretion because it did not set forth its reasons for the imposition of the fifteen-year sentence.[2] In denying the motion that is now before this court, the trial judge stated:

"All I can say is this. When an individual commits an armed robbery and participates in this crime as he did, the court is not going to deal with that lightly. The legislature has seen fit to provide a penalty for up to thirty years for one committing an armed robbery. This was a very serious armed robbery. The court does figure and feel at this time that the said sentence was not excessive and that the court should be criticized, if anyone, for being too lenient on the said sentence. The court feels an individual who takes it into his hand to commit an armed robbery, as this defendant Byas did, must also be ready to suffer the consequences of the law. The defendants also tried to flee the scene of the armed robbery, as you remember, and it was an officer who had to shoot at them to apprehend them. The court feels an individual like this cannot be rehabilitated at an earlier date. It may be that he might not have to be confined that long, but the court does feel that he has to be under supervision at least that long so that they can see how he has adjusted to confinement, and how he is adjusting on the outside after he is returned to society; and if we don't give them sentences like this, I feel Judges are not doing their job to protect society, as we have an equal obligation to protect society, as well as protecting the defendant's rights this court feels, as it did in this case, and will continue to do the same."

We believe this statement does demonstrate that the trial court considered the seriousness and gravity of the

---

[1] *State v. Schilz* (1971), 50 Wis. 2d 395, 184 N. W. 2d 134; *State v. Cole* (1971), 50 Wis. 2d 449, 184 N. W. 2d 75.

[2] *McCleary v. State* (1971), 49 Wis. 2d 263, 182 N. W. 2d 512.

offense, the protection of the public and the rehabilitative needs of the defendant.

This was a serious armed robbery wherein this defendant chose to use a handgun that well could have become lethal. He used it to threaten and force compliance of his illegal demands on the part of his innocent victims. The aftermath and attempted escape clearly demonstrate why the use of a dangerous handgun in the perpetration of a crime cannot be considered lightly.

The trial judge was concerned with the rehabilitation of the defendant. It is apparent he was well aware that a fifteen-year sentence did not necessarily require fifteen years of confinement. The judge was of the belief that a considerable period of supervision, not confinement, was necessary.

The defendant contends that his sentence was too harsh in view of the sentences and prior records of the other two defendants. Hall, the driver of the car, was also sentenced to not more than fifteen years, and Parker (he shot the officer) to not more than ten years and twenty years consecutively for a total of thirty years. We find no merit in this contention.

A review of the entire record convinces us that the trial court did not abuse its discretion in the imposition of sentence.

*By the Court.*—Order affirmed.