STATE of Wisconsin, Plaintiff-Respondent,

v.

Jeffrey KUEHL, Defendant-Appellant.

Court of Appeals

*No. 95–0003–CR. Submitted on briefs October 17, 1995.—Decided December 20, 1995.*

(Also reported in 545 N.W.2d 840.)

■■■■■■

■■■■■■■■

On behalf of the defendant-appellant, the cause was submitted on the brief of *Jeffrey W. Jensen* of *Law Offices of Jeffrey W. Jensen* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Paul Lundsten*, assistant attorney general.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

SNYDER, J.   Jeffrey Kuehl appeals from a judgment convicting him of five criminal charges arising out of an attack on his girlfriend. The sole issue on appeal is whether the prosecutor engaged in improper cross-examination of Kuehl by questions which required Kuehl to comment on the veracity of the prosecution's witnesses. We conclude that the cross-examination was improper, but that it was harmless. We affirm the judgment.

Kuehl was convicted of second-degree recklessly endangering safety while armed, false imprisonment, battery, criminal damage to property and obstructing an officer as a result of an incident at the home of Rachel Rasmussen. Rasmussen testified that Kuehl entered the home without her permission, damaged her telephone, beat her, threatened her with a knife and confined her in the house. After Rasmussen managed to get away from Kuehl, Kuehl resisted the efforts of sheriff's deputies to take him into custody.

Shortly into the prosecution's cross-examination of Kuehl, the following question was asked, "Now, you heard Rachel testify before that this shirt was ripped

after 11:30 when you came over the second time. She must be mistaken; is that correct?" An objection was interposed but overruled. Later the prosecutor restated Rachel's testimony that Kuehl had kicked her numerous times when she was on the ground. When Kuehl denied that he had done so, the prosecutor asked, "She must be lying then?" Out of the presence of the jury, the court heard Kuehl's argument that the prosecutor's line of questioning was impermissible under *State v. Haseltine*, 120 Wis. 2d 92, 352 N.W.2d 673 (Ct. App. 1984). The trial court ruled that the prosecutor could not ask Kuehl whether the other witness was lying but only whether the other witness was mistaken.

Thereafter, the prosecutor repeatedly confronted Kuehl with parts of Rasmussen's testimony which conflicted with the account Kuehl gave on direct examination. Upon Kuehl's repudiation of Rasmussen's account, the prosecutor followed up with an inquisitive, "She must be mistaken in that regard?" At one point when the prosecutor was restating the testimony of the emergency medical technician, Kuehl objected to the accuracy of the restatement. The prosecutor then asked Kuehl what he remembered the witness to have testified to. Another discussion was held outside the presence of the jury about the propriety of asking Kuehl to restate or redemonstrate the testimony of another witness. The objection was overruled. The prosecutor stated to Kuehl: "What I'm trying to find out here, Mr. Kuehl, is, number 1, whether you remember [the technician's] testimony the same way I do; and, number 2, if your recollection of [the technician's] testimony is different from your own."

Kuehl argues that the prosecutor's line of cross-examination was improper for the overriding reason

that it was argumentative and highly unfair.[1] He also contends that the questions violated § 906.08(2), STATS.,[2] by attempting to inquire into specific instances of a witness' untruthful character before there had been any inquiry about that witness' general reputation for truthfulness; that there was no foundation established that Kuehl had any knowledge of the other witnesses' motivation for testifying as they did; and that it was irrelevant whether Kuehl believed a prosecution's witness was mistaken or not.

The State argues that because *Haseltine* was the only stated ground for an objection at trial, all other arguments have been waived for failure to state them with specificity before the trial court. *See State v. Peters*, 166 Wis. 2d 168, 174, 479 N.W.2d 198, 200 (Ct. App. 1991). We need not consider waiver because we conclude that the *Haseltine* objection was sufficient to preserve the claim of error for appellate review.

---

[1] Kuehl argues that only in closing argument is the prosecutor free to compare the testimony of witnesses. He also points out that the form of the questions posed by the prosecutor left him with the "Hobson's Choice" of either calling the prosecution's witnesses mistaken, being admonished for failing to answer the question and arguing with the prosecutor over the accuracy of the restatement of testimony, or admitting that the prosecution's witnesses testified truthfully.

[2] Section 906.08(2), STATS., provides in part:

Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's credibility . . . may not be proved by extrinsic evidence. They may, however . . . be inquired into on cross-examination of the witness or on cross-examination of a witness who testifies to his or her character for truthfulness or untruthfulness.

*Haseltine*, 120 Wis. 2d at 96, 352 N.W.2d at 676, holds: "No witness, expert or otherwise, should be permitted to give an opinion that another mentally and physically competent witness is telling the truth." Here, Kuehl was asked to give an opinion on whether the prosecution's witnesses were "mistaken" in their testimony. The prosecutor's repeated use of the question, "She must be mistaken; is that correct?" resulted in Kuehl being asked for a continuous comment on Rasmussen's veracity. This was more than an attempt to explain witness discrepancies. This type of cross-examination was improper under *Haseltine* and should not have been permitted.

We recognize that *State v. Jackson*, 187 Wis. 2d 431, 523 N.W.2d 126 (Ct. App. 1994), holds otherwise. Since we are bound by the published decisions of our court, *In re Court of Appeals*, 82 Wis. 2d 369, 371, 263 N.W.2d 149, 149-50 (1978), it appears at first blush that we are obligated to abide by the *Jackson* decision. However, *Court of Appeals* does not advise as to what we are to do when a decision of this court is in clear conflict with a prior decision of this same court. We conclude that when such a state exists, we are free to follow the decision which we conclude is correct.

We conclude that *Haseltine* is the correct law on this topic and, as such, squarely governs this case. It also should have squarely governed *Jackson*. Instead, the *Jackson* court said that *Haseltine* did not apply because the purpose of the questioning in *Jackson* was not to attest to the other witness' truthfulness, but rather to highlight inconsistencies between the two witnesses' testimonies. *Jackson*, 187 Wis. 2d at 437,

523 N.W.2d at 129. That distinction misses the essence of the *Haseltine* rationale. It is not the purpose of the question which controls the admissibility issue; *rather, it is whether the witness being questioned has any basis, foundation or knowledge on which to premise a belief that another witness is telling the truth. See Haseltine,* 120 Wis. 2d at 96, 352 N.W.2d at 676.[3]

The *Jackson* court parenthetically cited *State v. Smith,* 170 Wis. 2d 701, 490 N.W.2d 40 (Ct. App. 1992), *cert. denied,* 113 S. Ct. 1860 (1993), in support of its rationale. The *Jackson* court misread *Smith.* In *Smith,* a police officer testified that during his interrogation of an accomplice witness, the accomplice had initially denied any involvement in the crime, but later changed his story to reflect what the officer perceived to be the truth. *Smith,* 170 Wis. 2d at 706, 490 N.W.2d at 42-43. This court held that the testimony was not designed to attest to the accomplice's truthfulness. Rather, we held that the testimony was designed to convey to the jury the circumstances surrounding the officer's continuing interrogation of the accomplice so that the jury might know the circumstances under which the accomplice changed his story. *Id.* at 718-19, 490 N.W.2d at 48. Thus, the officer's testimony was not received, as the *Jackson* decision implied, to point out inconsistencies between the defendant's version and that of another witness. *See Jackson,* 187 Wis. 2d at 438, 523 N.W.2d at 129.

---

[3] In *State v. Haseltine,* 120 Wis. 2d 92, 95-96, 352 N.W.2d 673, 675-76 (Ct. App. 1984), we rejected the State's attempt to introduce expert psychiatric testimony which attested to the veracity of another State witness. Since there was no indication that the witness was suffering from a mental disorder, there was no foundation for admitting the expert testimony. *See id.* at 96, 352 N.W.2d at 676. The same principle applies here.

■ We can imagine a multitude of questions which would demonstrate inconsistencies between one witness' version of an event and that given by another. However, such conflict, without more, does not authorize a question which invites the witness to speculate whether the other witness was "mistaken" or "lying." Every question presupposes the ability of the witness to answer. If that ability is not within the command of the witness, the question is improper.[4]

We suspect that many lawyers and judges believe that this kind of cross-examination is proper. It is not. *Haseltine* is a bright-line rule that remains the proper statement of the law. Thus, despite the imprimatur *Jackson* appears to give to the type of cross-examination used by the prosecutor here, we conclude that it was improper and flies in the face of *Haseltine*. Neither prosecutors nor defense lawyers should engage in such cross-examination. We also suggest that trial courts exercise their superintending authority to intervene sua sponte when such questioning occurs.

■ Having determined that error occurred, we next consider whether the improper questioning was prejudicial error. An error is harmless in a criminal case if there is no reasonable possibility that the error contributed to the conviction. *State v. Pettit*, 171 Wis. 2d 627, 639, 492 N.W.2d 633, 639 (Ct. App. 1992). A reasonable possibility is one which is sufficient to undermine confi-

---

[4] Such questioning is also argumentative and distracts the jury from the real issues. This is borne out by the events in this case. Ultimately, the cross-examination between the prosecutor and Kuehl turned into a debate over whose memory was better as to what prior witnesses had said. That, of course, had nothing to do with the credibility of Kuehl or the other witnesses.

dence in the outcome of the proceeding. *State v. Patricia A.M.*, 176 Wis. 2d 542, 556, 500 N.W.2d 289, 295 (1993). We must look to the totality of the record. *Id.* at 556-57, 500 N.W.2d at 295.

Given the evidence against Kuehl, we are confident in the outcome of the proceeding even in light of the improper cross-examination. It was clear to the jury that Rasmussen and Kuehl had vastly different versions of what occurred. Kuehl's credibility was already drawn into question by his admission of five previous convictions. Rasmussen's version was corroborated by photographs showing her bruises and scrapes and the testimony of the responding sheriff's deputies. The improper cross-examination did nothing to detract from the sufficiency or credibility of this evidence. It was harmless error.

*By the Court.*—Judgment affirmed.