The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Tilford H. GASH, Jr., Defendant–Appellant.

No. 05CA0936.

Colorado Court of Appeals, Div. IV.

Nov. 16, 2006.

Certiorari Denied June 21, 2007.

John W. Suthers, Attorney General, John J. Fuerst, III, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

M. David Lindsey, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge ROMÁN.

Defendant, Tilford H. Gash, Jr., appeals the trial court order denying his Crim. P. 35(c) motion. We affirm.

Defendant was charged with first degree murder after deliberation and concealing a death. During trial, the People offered into evidence, for purposes of refuting defendant's contention that the victim committed suicide, statements made by the victim to her nephew shortly before her death that (1) she did not like defendant and (2) she was not happy living with defendant. Defendant objected on hearsay grounds. The trial court overruled defendant's objection because it found the statements related to the victim's "then-existing state of mind and emotion as it relates to another person and, therefore, fall within the parameters of [the CRE 803(3)] exception" to hearsay.

A jury found defendant guilty of both counts, and the trial court sentenced him to life in prison without the possibility of parole. A division of this court affirmed defendant's conviction in an unpublished opinion. *See People v. Gash,* 2003 WL 22863117 (Colo. App. No. 01CA1952, Dec. 4, 2003)(not published pursuant to C.A.R. 35(f)). The mandate issued on April 30, 2004.

Defendant then filed a Crim. P. 35(c) motion alleging that his conviction must be vacated because *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), constituted a significant change in the law regarding the admissibility of hearsay statements, including those admitted during his trial.

The trial court denied defendant's motion because it found that the hearsay evidence challenged by defendant was not testimonial under *Crawford.*

## I.

Defendant contends the trial court erred in denying his postconviction motion because his confrontation rights under *Crawford* were violated when the nephew was allowed to testify to hearsay statements made by the victim. We disagree.

## A.

■ Initially, we note that *Crawford* was decided on March 8, 2004, seven weeks before the mandate in defendant's direct appeal issued on April 30, 2004. Therefore, as a new constitutional law of criminal procedure, *Crawford* is applicable to defendant's case. *See Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (a case has reached finality for purposes of applying a new rule of constitutional law when a judgment of conviction has been rendered and all appellate remedies have been exhausted); *Edwards v. People,* 129 P.3d 977 (Colo.2006) (adopting the *Teague* test in Colorado and holding that *Crawford* announces a new rule of criminal procedure).

## B.

■ As another preliminary matter, we reject defendant's assertion that "[b]y the very nature of the [hearsay] objection, confrontation issues were contemplated and were raised by the objection."

At trial, defendant objected to the testimony based on hearsay, not on confrontation grounds. Therefore, we review for plain error because the alleged confrontation error was not preserved. *See People v. Versteeg,* 165 P.3d 760, 2006 WL 3094105 (Colo.App. No. 04CA1227, Nov. 2, 2006) (we review for plain error when a postconviction claim is not preserved by an objection at trial); *see also* Crim. P. 52(b); *People v. Vigil,* 127 P.3d 916 (Colo.2006)(applying the plain error standard of review because defendant did not argue at trial that the alleged hearsay evidence violated his confrontation rights).

■ Plain error review addresses error that is both "obvious and substantial" and requires reversal only if the error so undermined the basic fairness of the trial as to cast

serious doubt on the reliability of the judgment. *People v. Miller,* 113 P.3d 743, 750 (Colo.2005). The defendant bears the burden of persuasion. *People v. Vigil, supra; People v. Miller, supra.*

### C.

In *Crawford,* the Supreme Court held that admitting testimonial hearsay at trial, absent the unavailability of the declarant and a prior opportunity for cross-examination by the defendant, violates the defendant's confrontation right under the Sixth Amendment to the United States Constitution. *Crawford v. Washington, supra; see People v. Vigil, supra.*

Recently, the Supreme Court clarified what constitutes testimonial statements made in the course of police interrogation. *See Davis v. Washington,* — U.S. ——, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006) (statements are nontestimonial when the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency; statements are testimonial when no ongoing emergency exists and the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecutions). However, the Supreme Court has yet to enunciate a precise definition of "testimonial" when no police interrogation occurs in cases such as this.

In *Crawford,* the Supreme Court held that, at a minimum, statements are testimonial if made at a preliminary hearing, before a grand jury, at a former trial, or during police interrogations. In addition, the Court discussed three core classes of statements that may be testimonial: (1) ex parte in-court testimony or its functional equivalent, such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially; (2) extrajudicial statements contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions; and (3) statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

*Crawford v. Washington, supra; see People v. Vigil, supra.*

■ The first two core classes of possible testimonial statements—ex parte in-court testimony and extrajudicial formalized testimony—are not at issue in this case. Consequently, we must consider whether the hearsay statements were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

The "objective witness" language in the third class refers to an objectively reasonable person in the declarant's position. An assessment of whether a reasonable person would believe a statement would be available for use at a later trial involves an analysis of the expectations, derived from the circumstances, of a reasonable person in the declarant's position. *People v. Vigil, supra.*

■ Here, the nephew testified about statements the victim made to him at a family gathering before the victim went missing. Defendant does not allege, and the record does not show, that any police involvement existed when the statements were made, or that the statements were made as a part of, or in preparation for, a judicial proceeding. Therefore, the statements were not clearly testimonial under *Crawford. See People v. Vigil, supra.*

In analyzing the circumstances surrounding the statements, we conclude that no objective witness in the victim's position would believe that her statements would be used at trial. From the perspective of an objective witness in the victim's position, it would be reasonable to assume that the statements were only part of a private conversation with a relative, and not related to a prosecution for a crime that had yet to occur. Thus, we conclude the victim was speaking informally to her nephew. *See Compan v. People,* 121 P.3d 876 (Colo.2005)(concluding that victim was speaking informally to her friend and not making testimonial statements); *see also State v. Miller,* 95 Conn.App. 362, 896 A.2d 844 (2006) (listing federal and state authorities holding that statements made to friends in unofficial settings are not testimonial).

This conclusion is consistent with the Supreme Court's discussion of what constitutes inherently testimonial hearsay. "[S]tatements under official interrogation are an obvious substitute for live testimony, because they do precisely what a witness does on direct examination." *Davis v. Washington, supra,* —— U.S. at ——, 126 S.Ct. at 2278 (emphasis omitted). Therefore, "[a]n accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." *Davis v. Washington, supra,* —— U.S. at ——, 126 S.Ct. at 2274 (quoting *Crawford, supra,* 541 U.S. at 51, 124 S.Ct. at 1364).

Accordingly, we conclude that the victim's statements to her nephew were not testimonial, and therefore, *Crawford* does not require defendant to have had an opportunity to cross-examine the victim.

### D.

■ Because we conclude that the victim's statements were not testimonial, we must next determine whether they violate defendant's federal confrontation rights under *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). *See People v. Vigil, supra.*

In *Roberts,* the Supreme Court held that absent a defendant's prior opportunity for cross-examination, hearsay evidence is inadmissible at trial unless the declarant is unavailable and his or her statements bear sufficient indicia of reliability by falling within a "firmly rooted hearsay exception" or by bearing "particularized guarantees of trustworthiness." *Ohio v. Roberts, supra,* 448 U.S. at 66, 100 S.Ct. at 2539; *see People v. Vigil, supra,* 127 P.3d at 928.

When a firmly rooted hearsay exception is at issue, reliability is implied, and the declarant does not have to be unavailable. *Ohio v. Roberts, supra; People v. Vigil, supra.*

■ A hearsay exception is firmly rooted if, "in light of longstanding judicial and legislative experience [the exception] rests on such a solid foundation that admission of virtually any evidence within it comports with the substance of the constitutional pro-

tection." *Horton v. Allen,* 370 F.3d 75, 85 (1st Cir.2004) (quoting *Lilly v. Virginia,* 527 U.S. 116, 126, 119 S.Ct. 1887, 1895, 144 L.Ed.2d 117 (1999)).

■ Obviously, the murdered victim was unavailable to testify at trial. However, defendant argues that the trial court did not make the requisite reliability determination under *Roberts.* Although the record does not indicate that the trial court made specific findings regarding the reliability of the statements under *Roberts,* we conclude that this omission does not constitute plain error. *See People v. Miller, supra.*

■ The state of mind exception has been recognized by the Supreme Court for over a century. *Horton v. Allen, supra,* 370 F.3d at 85 (citing *Mut. Life Ins. Co. v. Hillmon,* 145 U.S. 285, 12 S.Ct. 909, 36 L.Ed. 706 (1892)). Because the state of mind exception permits the admission of declarations made without opportunity to reflect on their legal consequences and in situations that are exceptionally conducive to veracity, it constitutes a firmly rooted hearsay exception. *Horton v. Allen, supra,* 370 F.3d at 85.

Courts in other jurisdictions also have concluded that the state of mind exception is firmly rooted. *See Welch v. Sirmons,* 451 F.3d 675 (10th Cir.2006) (conclusion that state of mind is firmly rooted exception to hearsay rule under *Roberts* is not unreasonable or contrary to Supreme Court authority); *Hayes v. York,* 311 F.3d 321 (4th Cir. 2002); *Moore v. Reynolds,* 153 F.3d 1086 (10th Cir.1998) (holding that state of mind exception to the hearsay rule satisfies the reliability requirement of *Roberts* ); *Terrovona v. Kincheloe,* 852 F.2d 424 (9th Cir.1988); *Barber v. Scully,* 731 F.2d 1073 (2d Cir.1984); *Lenza v. Wyrick,* 665 F.2d 804 (8th Cir.1981); *Wyatt v. State,* 981 P.2d 109 (Alaska 1999); *State v. Wood,* 180 Ariz. 53, 881 P.2d 1158 (1994); *People v. Waidla,* 22 Cal.4th 690, 94 Cal.Rptr.2d 396, 996 P.2d 46 (2000); *State v. Smith,* 275 Conn. 205, 881 A.2d 160 (2005); *Reyes v. State,* 819 A.2d 305 (Del.2003); *State v. Leonard,* 910 So.2d 977 (La.Ct.App. 2005); *State v. Jones,* 137 N.C.App. 221, 527 S.E.2d 700 (2000); *Commonwealth v. Collins,* 585 Pa. 45, 888 A.2d 564 (2005); *Hodges v.*

*Commonwealth,* 272 Va. 418, 634 S.E.2d 680 (2006); *State v. Terrovona,* 105 Wash.2d 632, 716 P.2d 295 (1986); *State v. Jackson,* 187 Wis.2d 431, 523 N.W.2d 126 (App.1994).

Accordingly, we conclude defendant's federal confrontation rights were not violated because the hearsay statements were admitted pursuant to the firmly rooted state of mind hearsay exception. Under *Roberts,* reliability of the statements is implied. Therefore, utilizing a plain error analysis, we conclude that the trial court's failure to make findings regarding the statements' reliability did not so undermine the basic fairness of the trial as to cast serious doubt on the reliability of the judgment. *See People v. Miller, supra.*

### E.

 Because we conclude that the victim's statements were not testimonial, we must also determine whether the statements violate defendant's state confrontation rights under *People v. Dement,* 661 P.2d 675 (Colo.1983)(adopting the two-part analysis in *Roberts* for admission of hearsay evidence under the Colorado Constitution).

*Dement* requires that to admit nontestimonial statements when the defendant has not had a prior opportunity of cross-examination, the People must show that the declarant is unavailable and the statement bears sufficient indicia of reliability. The federal requirements of witness unavailability and evidence of reliability are the appropriate analysis under the Colorado Confrontation Clause. *Compan v. People, supra.*

Whether the "then existing mental, emotional, or physical condition" hearsay exception under CRE 803(3) constitutes a firmly rooted hearsay exception is an issue of first impression in Colorado. However, as previously discussed, courts in other jurisdictions have found that this hearsay exception is firmly rooted. Because CRE 803(3) is identical to the federal rule, we find these other authorities persuasive and adopt their reasoning here.

Because the state of mind exception is firmly rooted, the victim's statements implicitly bear sufficient indicia of reliability. *See*

*Compan v. People, supra.* Therefore, utilizing a plain error analysis, we conclude that the trial court's failure to make a reliability determination regarding the statements did not so undermine the basic fairness of the trial as to cast serious doubt on the reliability of the judgment. *See People v. Miller, supra.* Thus, defendant's confrontation rights under the Colorado Constitution were not violated.

Accordingly, we conclude the trial court did not err in denying defendant's Crim. P. 35(c) motion.

### II.

Because we determine that the statements were not admitted in violation of defendant's confrontation rights, we need not consider the other arguments raised by the parties.

The order is affirmed.

Chief Judge DAVIDSON and Judge LOEB concur.