COURT OF APPEALS
DECISION
DATED AND FILED

June 25, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP652-CR**

Cir. Ct. No. 2021CF553

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

CINDY L. COOPER,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Jefferson County: WILLIAM F. HUE and BENNETT J. BRANTMEIER, Judges. *Affirmed*.

Before Kloppenburg, Nashold, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Cindy L. Cooper appeals her sentence related to a judgment of conviction for operating while intoxicated as a seventh offense ("OWI 7th") in violation of WIS. STAT. § 346.63(1)(a) (2023-24),[1] and the denial of her postconviction motion for resentencing without an evidentiary hearing.  For the reasons set forth below, we affirm.

## BACKGROUND

¶2    The relevant facts are undisputed and derived from the evidence presented at the jury trial.

¶3    Around 4:00 a.m. on November 3, 2021, Deputy William Johnson was dispatched by the Jefferson County Sheriff's Office to respond to a report of a disabled car on County Highway N, south of Jaekel Road.  On arrival at the scene, Johnson saw a car parked partially in a lane of traffic and a woman sitting in the driver's seat.  When Johnson parked his squad car behind the car, the woman exited the car and met the officer near the driver's side door.  She identified herself as Cooper and said that she had left her purse at home.

¶4    Cooper told Johnson that she was traveling from Jefferson to Fort Atkinson when her car ran out of gas.  Johnson observed that Cooper was not dressed appropriately for the cold weather because she wore only slipper socks, sweatpants, and a sweatshirt, and that she smelled of intoxicants, slurred her speech, had bloodshot and glassy eyes, and struggled to balance.  Cooper admitted to drinking beer on the prior evening, stating she had stopped drinking about six

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

hours ago, which she incorrectly estimated was around 6:30 p.m. Johnson offered Cooper the opportunity to warm up in his squad car, which she accepted.

¶5 As Cooper sat in the back of the squad car, Johnson returned to Cooper's car and looked inside. Johnson observed a wine glass filled with red liquid in the center cupholder console. Johnson lifted the glass to his nose and believed it to be alcoholic wine based on the odor.

¶6 Johnson returned to the squad car and asked Cooper about the wine glass. Cooper admitted that the beverage inside was alcoholic but denied that it belonged to her or that she had consumed the alcohol in the glass. Johnson advised Cooper that he would like her to undergo field sobriety testing. Because it was cold and Cooper was not properly dressed, Johnson transported her in his squad car to the sheriff's department to conduct the testing.

¶7 Johnson had Cooper perform two field sobriety tests: the horizontal gaze nystagmus test and the walk and turn test. Cooper exhibited clues of impairment on each. Johnson also requested that Cooper perform the one-leg stand test, but Cooper was unable to do so. Johnson arrested Cooper for operating while intoxicated and read the Informing the Accused form to her. Cooper consented to a blood draw, which showed a blood alcohol concentration ("BAC") of 0.253 g/100mL.

¶8 The State charged Cooper with OWI 7th in violation of WIS. STAT. § 346.63(1)(a) and operating with a prohibited alcohol concentration as a seventh offense in violation of § 346.63(1)(b).

¶9 The case proceeded to a jury trial, and Cooper was found guilty of both counts. She received a single conviction for OWI 7th. *See* WIS. STAT.

3

§ 346.63(1)(c) ("[i]f a person is found guilty of any combination of par. (a), (am), or (b), for acts arising out of the same incident or occurrence, there shall be a single conviction for purposes of sentencing").

¶10 Following the jury trial, Cooper requested that the circuit court move immediately to sentencing, which it did.

¶11 The parties agreed on a thirty-six-month period for the revocation of Cooper's driver's license and the installation of an ignition interlock device, and a $1,400 fine. Although the parties agreed on a seven-year imprisonment term, they disagreed about the length of initial confinement and extended supervision.

¶12 The State argued for a sentence of four years of initial confinement and three years of extended supervision and acknowledged that this sentence recommendation was above the three-year statutory minimum requirement for initial confinement but below the range of sentences based on mitigated factors set forth in the Third Judicial District OWI/PAC Sentencing Guidelines ("the sentencing guidelines"), which noted a range between four and one-half years and five years of initial confinement.[2] The State reasoned that while Cooper's prior OWIs were "aged," there were still the aggravating factors of Cooper's high BAC and the open intoxicant in her car.

¶13 Cooper's counsel argued for three years of initial confinement and four years of extended supervision. Cooper's counsel emphasized that the

---

[2] *See* District OWI/PAC Sentencing Guidelines Committee, *Third Judicial District OWI/PAC Sentencing Guidelines for Offenses Committed On or After March 1, 2020, Wis. Ct. Sys.*, https://www.wicourts.gov/publications/fees/docs/d3owi2020.pdf. The complete sentencing guidelines are not provided in the appellate record.

following mitigating factors necessitated the circuit court imposing the statutory minimum period of confinement: it had been eleven years since Cooper's prior OWI and Cooper had a long period of sobriety; there was no bad driving that led to the charges; her successful performance on bond; and her treatment efforts for her mental health issues and compliance with taking her prescribed medication.

¶14    The circuit court sentenced Cooper to four years of initial confinement and three years of extended supervision.

¶15    Cooper filed a motion for postconviction relief seeking resentencing, arguing that the circuit court erroneously exercised its discretion in imposing a $1,400 fine and a four-year period of initial confinement.  In the alternative, Cooper argued that trial counsel had performed ineffectively at sentencing, necessitating a *Machner* hearing.[3]   In a written decision, the court denied Cooper's postconviction motion without a hearing, concluding that the motion did not allege sufficient facts that entitled Cooper to relief or to a *Machner* hearing. Cooper appeals.

## DISCUSSION

¶16    On appeal, Cooper renews her postconviction arguments that the circuit court erroneously exercised its discretion at sentencing when it imposed a $1,400 fine and four years of initial confinement, instead of the statutory minimum three years of initial confinement.  In the alternative, Cooper argues that the court

---

[3] *See State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).  A *Machner* hearing is "[t]he evidentiary hearing to evaluate counsel's effectiveness, which includes counsel's testimony to explain [counsel's] handling of the case." *State v. Balliette*, 2011 WI 79, ¶31, 336 Wis. 2d 358, 805 N.W.2d 334.

erred in denying her postconviction motion for relief based on ineffective assistance of trial counsel at sentencing without a *Machner* hearing. We reject each argument in turn and affirm.

## I.    Sentencing

¶17    Because sentencing falls within the discretionary authority of the circuit court, on review we "will not interfere with the court's sentencing decision unless the court erroneously exercised its discretion." *State v. Jorgensen*, 2003 WI 105, ¶12, 264 Wis. 2d 157, 667 N.W.2d 318 (citation omitted); *State v. Gallion*, 2004 WI 42, ¶17, 270 Wis. 2d 535, 678 N.W.2d 197. "[S]entencing decisions of the circuit court are generally afforded a strong presumption of reasonability because the circuit court is best suited to consider the relevant factors and demeanor of the convicted defendant." *Gallion*, 270 Wis. 2d 535, ¶18 (citation omitted). We will search the record to determine whether, in the proper exercise of discretion, the sentence imposed can be sustained. *State v. Hall*, 2002 WI App 108, ¶19, 255 Wis. 2d 662, 648 N.W.2d 41 (citing *McCleary v. State*, 49 Wis. 2d 263, 282, 182 N.W.2d 512 (1971)).

¶18    However, when discretion is exercised on the basis of clearly irrelevant or improper factors, there is an erroneous exercise of discretion. *McCleary*, 49 Wis. 2d at 278. "The defendant has the burden of showing that the 'sentence was based on clearly irrelevant or improper factors.'" *Gallion*, 270 Wis. 2d 535, ¶72 (citation omitted).

¶19    The sentencing discretion of the circuit court is constrained in several additional ways. First, there are three primary sentencing factors a court must consider at sentencing, referred to as the *Gallion* factors: the protection of the public; the gravity of the offense; and the rehabilitation needs of the defendant.

*Id.*, ¶23; WIS. STAT. § 973.017(2) (requiring consideration of the *Gallion* factors and any applicable mitigating or aggravating factors).

¶20 Second, in addition to the *Gallion* factors, criminal OWI convictions are generally subject to statutory minimum and maximum sentences and courts must also consider certain statutory aggregating factors. *See* WIS. STAT. §§ 346.65 (enumerating mandatory minimum periods of confinement), 973.017(3)-(8) (enumerating aggregating factors). For example, pursuant to § 346.65(2)(am)6., an OWI 7th conviction is a class F felony, subject to a minimum of three years of initial confinement and a maximum of seven and one-half years of initial confinement. *See also* WIS. STAT. § 973.01(2)(b)6m. ("For a Class F felony, the term of confinement in prison may not exceed 7 years and six months.").

¶21 As noted, sentencing guidelines issued by the chief judge of each judicial administrative district may be considered at sentencing for OWI convictions. *See* WIS. STAT. § 346.65(2m)(a) ("The chief judge of each judicial administrative district shall adopt guidelines … for the consideration of aggravating and mitigating factors."); *see also* ***Jorgensen***, 264 Wis. 2d 157, ¶18 (use of guidelines that match up to appropriate sentences within statutory ranges for considering aggravating and mitigating factors is not inappropriate). Although sentencing guidelines for alcohol-related offenses do not specifically apply to WIS. STAT. § 346.63(1)(a) convictions for driving or operating a motor vehicle while under the influence of an intoxicant,[4] which is the situation here, a sentencing

---

[4] For violations of WIS. STAT. § 346.63(1)(am) or (b), which concern, respectively, a person who drives or operates a motor vehicle with a detectable amount of a restricted controlled substance in their blood or when the person has a prohibited alcohol concentration, the circuit court may consider sentencing recommendations identified in district guidelines adopted by the chief judge of the judicial administrative district in which the sentencing court is located. *See* WIS. STAT. § 346.65(2m)(a).

court may refer to sentencing guidelines when considering such an offense as long as the guidelines are not applied by rote and do not form the sole basis for the court's sentence. *Jorgensen*, 264 Wis. 2d 157, ¶27.

¶22    Like the graduated-penalty system which Wisconsin has adopted for OWI-related offenses, *see State v. Forrett*, 2022 WI 37, ¶7, 401 Wis. 2d 678, 974 N.W.2d 422, the sentencing guidelines applicable here are divided into categories based on the number of alcohol-related offenses and the level of the individual's BAC.[5]  Higher numbers of OWI-related offenses and BAC levels correspond to more significant penalties.  The categories are further distinguished between cases with mitigating factors, such as pre-conviction assessment and treatment or aged prior offenses, and cases with aggravating factors, such as a having an open intoxicant in the car or a particularly high BAC.[6]  For example, the sentencing guidelines for an OWI 7th for an individual with a BAC level of ".25 and above" with mitigating factors, the category in which Cooper fell as determined by the circuit court, recommend an initial range of confinement between four and one-half to five years and a fine of $6,200.  *Sentencing Guidelines* at 13.  When there are aggravating factors, the range of confinement is the same but the recommended fine increases to $7,000.  *Sentencing Guidelines* at 13.

---

[5]  *See Sentencing Guidelines*, *supra* note 2.

[6]  The sentencing guidelines identify additional "mitigating factors" as including: verifiable consistent sobriety; good driving record; minimal poor driving; cooperation with authorities; and positive attitude/steps toward problem recognition. *Sentencing Guidelines* at 2. Additional "aggravating factors" include: poor driving; accident or injury involved; poor prior driving record; lack of remorse; recent prior OWI/PAC offense; operating without valid driving privileges; poor/limited problem recognition as evidenced by prior treatment history or lack thereof; amount consumed; and uncooperative/belligerent behavior, among others. *Sentencing Guidelines* at 2.

¶23    We quickly reject Cooper's assertion that the circuit court erroneously exercised its discretion in imposing a $1,400 fine, which is the lowest fine recommended in the sentencing guidelines for an OWI 7th with the lowest BAC category of between a .02 and .079 g/100ml. with mitigating factors. This was a significant downward departure from the $6,200 fine recommended in the sentencing guidelines for the ".25 and above" g/100ml range with mitigating factors. *Consider also* WIS. STAT. § 346.65(2)(g)3. ("If a person convicted had an alcohol concentration of 0.25 or above, the applicable minimum and maximum fines under par. (am) 3. to 5. are quadrupled."). The record reveals that the $1,400 fine was suggested by the State, and specifically not objected to by trial counsel. "It is a fundamental principle of appellate review that issues must be preserved at the circuit court. Issues that are not preserved at the circuit court, even alleged constitutional errors, generally will not be considered on appeal." ***State v. Huebner***, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727. Therefore, we conclude that Cooper has forfeited this issue in the sentencing proceedings, and we consider it no further.

¶24    We also conclude that Cooper has not demonstrated that the circuit court erroneously exercised its discretion when it imposed four years of initial confinement. Specifically, Cooper has not shown that the court considered irrelevant or improper factors or applied an incorrect standard of law.

¶25    First, when imposing Cooper's sentence, the circuit court properly recognized the applicability of the mandatory minimum three-year period of initial confinement set forth in WIS. STAT. § 346.65(2)(am)6. *See* § 346.65(2)(am)6. (For an OWI 7th, "[t]he court shall impose a bifurcated sentence under [WIS. STAT. §] 973.01 and the confinement portion of the bifurcated sentence imposed on the person shall be not less than 3 years."). The court also referred to the

sentencing guidelines which recommended four and one-half to five years of initial confinement for an OWI 7th offender with a BAC above 0.25 g/100mL. The court agreed with trial counsel that, despite Cooper's high BAC of .253 g/100mL, Cooper's conduct fell within the mitigated range because of her efforts in treatment, in abstaining from alcohol consumption, and in taking medication for her mental health issues.

¶26     Second, although the circuit court recognized mitigating factors, it nonetheless recognized the serious nature of an OWI 7th conviction and the danger that repeated instances of driving while intoxicated pose to the public. The court specifically stated that Cooper "just has too many OWIs and that's a dangerous, dangerous thing. So, nobody can afford other people's lives [being] dependent on her addressing these issues outside the prison system." From these remarks, we conclude that the court additionally considered Cooper's rehabilitation needs and identified Cooper's noticeable improvement since her arrest due to medication, the importance of keeping Cooper stable, and Cooper's need for continued treatment in a confined setting in order to mitigate the threat that repeated driving while intoxicated poses to the public. Contrary to Cooper's argument, in imposing a four-year initial confinement period, the court did not overly rely on the sentencing guidelines because it imposed less than the recommended range due to Cooper's improved condition with treatment, but more than the statutory minimum given the threat to the public that Cooper's driving while intoxicated imposed and the repeated nature of Cooper's crime. Accordingly, although the court did not itemize each of the three required *Gallion* factors, it addressed each factor in its remarks and articulated a rational, reasoned basis for the sentence.

¶27    Cooper argues that the circuit court erroneously exercised its discretion when it sentenced her to four years of initial confinement in two ways: the court did not begin at, or justify deviating from, the statutory minimum of three years of initial confinement and the court should have relied on a different BAC category in the district guidelines. We reject each argument in turn.

¶28    Although Cooper accurately summarizes the requirement that circuit courts impose "the minimum amount of … confinement which is consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant," *McCleary*, 49 Wis. 2d at 276 (citation omitted), this requirement does not mandate that a court default to adopting the mandatory minimum sentence unless an upward deviation is justified. For this court to impose such a presumption would go beyond the mandatory minimum statutory language and impose a requirement not contained in the statutory language. *See* WIS. STAT. § 346.65 (2)(am)6. ("The court shall impose a bifurcated sentence under [WIS. STAT. §] 973.01 and the confinement portion of the bifurcated sentence imposed on the person shall be not less than 3 years."). The effect would be to improperly limit the discretion of the sentencing court. *See McCleary*, 49 Wis. 2d at 278. Furthermore, Cooper cites no supporting legal authority for the proposition that the mandatory minimum sentence must be presumptively imposed unless a sentencing court specifically justifies a deviation. We need not consider arguments that are unsupported by legal citations or are otherwise undeveloped. *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

¶29    We also reject Cooper's argument that the circuit court should have used a lower BAC category in the sentencing guidelines to account for scientific error in the calculation of the BAC. As noted, the court was allowed to consider the guidelines for an OWI offense under WIS. STAT. § 346.63(1)(a), but it was not

obligated to do so. *See **Jorgensen***, 264 Wis. 2d 157, ¶2 (a defendant "sentenced under § 346.63(1)(a) may potentially be sentenced by a court referring to the sentencing guidelines established for § 346.63(1)(b)"). Indeed, the court imposed a shorter period of confinement than the range provided in the guidelines for an individual with a BAC of 0.253 g/100mL and the existence of mitigating circumstances. Cooper does not persuasively explain why the court's consideration of the applicable BAC category constitutes an erroneous exercise of discretion. Again, we need not address undeveloped arguments. *See **Associates Fin. Servs. Co. of Wis., Inc. v. Brown***, 2002 WI App 300, ¶4 n.3, 258 Wis. 2d 915, 656 N.W.2d 56 (the court may decline to consider conclusory and undeveloped arguments).

¶30    In sum on this issue, we conclude that the circuit court did not erroneously exercise its discretion when it sentenced Cooper to four years of initial confinement.

### II.    Ineffective Assistance of Counsel

¶31    In the alternative, Cooper argues that the circuit court improperly denied her postconviction motion alleging ineffective assistance of trial counsel without conducting a ***Machner*** hearing. We conclude that Cooper was not entitled to a ***Machner*** hearing because the record as a whole conclusively establishes that she is not entitled to relief.

¶32    An evidentiary hearing on a postconviction ineffective assistance of counsel claim is not mandatory, even if the motion alleges sufficient facts, which if true, would entitle the movant to relief, if the record as a whole conclusively demonstrates that the defendant is not entitled to relief. ***State v Ruffin***, 2022 WI 34, ¶¶3, 37, 401 Wis. 2d 619, 974 N.W.2d 432.

¶33 A defendant alleging ineffective assistance of counsel must demonstrate that counsel performed deficiently and the performance prejudiced the defendant. *Id.*, ¶29; *Strickland v. Washington*, 466 U.S. 668 (1984). If the defendant fails to show one part of the analysis, the claim fails and no analysis of the other part is necessary. *Ruffin*, 401 Wis. 2d 619, ¶29.

¶34 To prove deficient performance, a defendant must show that, when considering all the circumstances, counsel's representation fell below an objective standard of reasonableness. *Id.*, ¶30. Alleging simply that trial counsel's performance was "imperfect or less than ideal" is insufficient to demonstrate deficient performance. *State v. Balliette*, 2011 WI 79, ¶22, 336 Wis. 2d 358, 805 N.W.2d 334. There is a strong presumption that counsel's performance fell "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689 (citation omitted).

¶35 Cooper alleges that her trial counsel performed deficiently at sentencing because counsel failed to provide the circuit court with mitigating information. This claim is conclusively disproven by the record. *See Ruffin*, 401 Wis. 2d 619, ¶35 ("if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing"). Cooper's counsel argued for the statutory minimum initial confinement period of three years because of mitigating factors, including that: eleven years had passed since Cooper's prior OWI; Cooper had been clean and sober for over a decade before her relapse; there was no evidence of bad driving in this case; during the pendency of the case, Cooper addressed issues with her mental health by meeting with therapists and psychologists, obtaining a diagnosis and complying with taking recommended medications; and Cooper performed well on bond and abstained from alcohol consumption during the pendency of the action while

13

monitored. The court accepted these arguments and determined that Cooper's situation contained mitigating circumstances for sentencing purposes. As noted, the court imposed a shorter period of initial confinement than the lower range of confinement recommended in the sentencing guidelines.

¶36 To the extent that Cooper intends to argue that counsel was deficient for failing to request a presentence investigation (PSI) or provide a defense sentencing memorandum, we note that neither of these documents is required for sentencing. *State v. Jackson*, 187 Wis. 2d 431, 439, 523 N.W.2d 126 (Ct. App. 1994) (PSI not required at sentencing). Moreover, the record demonstrates that Cooper directed trial counsel to proceed to sentencing directly after trial, without a PSI or a defense sentencing memorandum. *See Balliette*, 336 Wis. 2d 358, ¶26 ("Even decisions made [by counsel] with less than a thorough investigation may be sustained if reasonable, given the strong presumption of effective assistance ….").

¶37 In sum on this issue, in the context of an adequate sentencing argument by trial counsel which raised pertinent mitigating factors, in light of Cooper's desire to proceed to sentencing immediately following trial, and there being no requirement for the production of a PSI or defense sentencing memorandum prior to sentencing, the record conclusively demonstrates that Cooper was not entitled to relief on her ineffective assistance of counsel claim and no *Machner* hearing was required.

## CONCLUSION

¶38 Accordingly, for the reasons set forth above, we affirm.

*By the Court.*—Judgment and order affirmed.

14

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.