STATE of Wisconsin, Plaintiff-Respondent,

v.

Andre BOLDEN, Defendant-Appellant.†

Court of Appeals

*No. 02–2974–CR. Submitted on briefs May 6, 2003.—Decided June 10, 2003.*

2003 WI App 155

(Also reported in 667 N.W.2d 364.)

† Petition to review denied 8-13-03.

On behalf of the defendant-appellant, the cause was

submitted on the briefs of *Mark S. Rosen* of *Rosen and Holzman*, Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Maureen McGlynn Flanagan*, assistant attorney general.

Before Wedemeyer, P.J., Fine and Curley, JJ.

¶ 1. FINE, J. Andre Bolden appeals from a judgment entered on a jury verdict convicting him of attempted robbery with the use of force, *see* WIS. STAT. §§ 943.32(1)(a) and 939.32, and from the trial court's order denying his motion for postconviction relief. He claims that his lawyer gave him ineffective assistance. We affirm.

## I.

¶ 2. Bolden was charged and convicted for accosting Garrett Pauers and trying to rob him, but was interrupted when another person, Kurt Sampson, appeared. All three testified at the trial.

¶ 3. During Bolden's testimony, the State asked him about Pauers's earlier testimony, and, when Bolden contradicted that testimony, the State responded: "So Mr. Pauers is lying."[2] Bolden replied, "Right." The State asked Bolden a similar question about the testimony of police sergeant David Moldenhauer, who had testified about his interaction with Bolden: "So that's a lie."[3]

¶ 4. The State also asked Bolden about Sampson's testimony, and when Bolden indicated that he disagreed

---

[2] The court transcript does not have a question mark at the end of the question.

[3] The court transcript also does not have a question mark at the end of this question.

855

with that testimony as well, the State asked: "He is lying?" When Bolden said that the officer was not telling the truth, the State responded:

> Q. So if I understand, Mr. Bolden, out of the witnesses we heard in this trial, Mr. Pauers is either lying or mistaken about the fact [*sic;* the State is referencing Bolden's version] that you guys had this mutually agreed-upon fight, is that fair to say?
>
> A. That's fair.
>
> Q. And Mr. Sampson is mistaken in that you never were on top of Mr. Pauers and that you never were choking Mr. Pauers, is that fair to say?
>
> A. That's fair to say.
>
> Q. And that Mr. Sampson is mistaken in the sense that you weren't driving around on Meinecke shortly before this altercation with Mr. Pauers, is that fair to say?
>
> A. Right.
>
> . . . .
>
> Q. And that Sergeant Moldenhauer is mistaken when you mentioned anything about robbing Mr. Pauers?
>
> A. Right.

¶ 5. Bolden faults his trial lawyer for not objecting to the State's questions, and, also, for not moving for a mistrial.

## II.

¶ 6. Every criminal defendant has a Sixth-Amendment right to the effective assistance of counsel, *Strickland v. Washington*, 466 U.S. 668, 686 (1984), and a coterminous right under Article I, § 7 of the Wisconsin Constitution, *State v. Sanchez*, 201 Wis. 2d 219, 226–236, 548 N.W.2d 69, 72–76 (1996). In order to establish a violation of this right, a defendant must prove two things: (1) that his or her lawyer's performance was deficient, and, if so, (2) that "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687; *see also Sanchez*, 201 Wis. 2d at 236, 548 N.W.2d at 76. In assessing a defendant's claim that his or her counsel was ineffective, a court need not address both the deficient-performance and prejudice components if the defendant does not make a sufficient showing on one. *Strickland*, 466 U.S. at 697; *Sanchez*, 201 Wis. 2d at 236, 548 N.W.2d at 76. We conclude that although the State's questions were not the most polished or persuasive, they were within the range of permissible cross-examination. Accordingly, the trial lawyer's representation of Bolden was not deficient.

¶ 7. In urging reversal, Bolden argues that *State v. Romero*, 147 Wis. 2d 264, 267–270, 277–279, 432 N.W.2d 899, 900–901, 904–905 (1988), and *State v. Haseltine*, 120 Wis. 2d 92, 94–96, 352 N.W.2d 673, 675–676 (Ct. App. 1984), make what the State did improper. We disagree.

¶ 8. Both *Romero* and *Haseltine* held that the State may not bolster the credibility of its witnesses by asking someone with professional expertise to assess whether the witnesses are being truthful. *Romero*, 147 Wis. 2d at 268–270, 277–279, 432 N.W.2d at 900–901,

904–905 (testimony by social worker and police officer that the alleged victim was being truthful); *Haseltine*, 120 Wis. 2d at 95–96, 352 N.W.2d at 675–676 (psychiatrist testified that there " 'was no doubt whatsoever' " that the defendant's daughter "was an incest victim"). The concern was that the proffered expertise would, as phrased by *Romero*, "tend[ ] to usurp the jury's role." *Romero*, 147 Wis. 2d at 278, 432 N.W.2d at 905. Conversely, asking a defendant whether his or her accusers, a citizen witness, or an investigating police officer are telling the truth has *no* tendency to usurp the jury's function in assessing credibility; indeed, if anything, it would help the jury evaluate each witness's demeanor, and we so held in *State v. Jackson*, 187 Wis. 2d 431, 437–438, 523 N.W.2d 126, 129 (Ct. App. 1994).

¶ 9. Bolden argues, however, that *Jackson* was overruled by another court of appeals decision, *State v. Kuehl*, 199 Wis. 2d 143, 147–151, 545 N.W.2d 840, 841–843 (Ct. App. 1995). *Kuehl does* purport to overrule *Jackson*, but under this court's "power," as recognized by *Cook v. Cook*, 208 Wis. 2d 166, 189–190, 560 N.W.2d 246, 256 (1997), it could not do so: "[W]e conclude that the constitution and statutes must be read to provide that only the supreme court, the highest court in the state, has the power to overrule, modify or withdraw language from a published opinion of the court of appeals." *See also In re Court of Appeals of Wisconsin*, 82 Wis. 2d 369, 371, 263 N.W.2d 149, 149–150 (1978) ("The published decision of any one of the panels has binding effect on all panels of the Court."); *American Family Mut. Ins. Co. v. Pleasant Co.*, 2002 WI App 229, ¶ 18, 257 Wis. 2d 771, 783, 652 N.W.2d 123, 129 ("This court does not have the authority to overrule, modify, or

withdraw language from our prior decisions; only the supreme court may do so."), *review granted,* 258 Wis. 2d 106, 655 N.W.2d 127.

¶ 10. Although *Jackson* and *Kuehl* preceded *Cook,* this makes no difference. *Cook* based its ruling on "power" not policy. If the court of appeals lacked the "power" to overrule or modify its prior decisions after *Cook,* it certainly also lacked that power before *Cook.* This was specifically recognized by *In re Court of Appeals,* which, as we have seen, noted in 1978 that a published decision by one panel was "binding" on the other panels. *See Garfoot v. Fireman's Fund Ins. Co.,* 228 Wis. 2d 707, 722–723, 599 N.W.2d 411, 418–419 (Ct. App. 1999) (recognizing that *Cook* was applicable to cases decided before *Cook*).

¶ 11. *Kuehl* lacked the power to overrule *Jackson.* Under *Jackson,* the State's questions here did not violate the *Haseltine* rule. Accordingly, Bolden's trial lawyer was not deficient for not objecting to those questions or moving for a mistrial.

*By the Court.*—Judgment and order affirmed.